**VIETNAM VETERANS OF AMERICA,**
et al., Plaintiffs,

v.

**SECRETARY OF the NAVY,**
Defendant.

**Civ. A. No. 85–3208.**

United States District Court,
District of Columbia.

May 31, 1990.

Ronald S. Flagg, Joseph R. Guerra, Sidley & Austin, Barton F. Stichman, Vietnam

Veterans of America Legal Services, Washington, D.C., for plaintiffs.

Michael Ambrosino, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

REVERCOMB, District Judge.

The plaintiffs brought this lawsuit on their own behalf and on behalf of similarly situated former members of the U.S. Navy and U.S. Marines challenging the defendant's interpretation of the Laird Memoranda which provide for recharacterization of those less than honorable discharges, issued prior to July 7, 1971, that were based solely on personal use or possession of drugs. This matter is before the Court pursuant to the parties' cross-motions for summary judgment on counts two and three of plaintiffs' complaint.

### A. *Prior History*

In the first count of their complaint, the plaintiffs alleged that the Laird Memoranda mandated upgrades to at least general discharge for all persons within the defined class, and that the defendant had violated this directive. The defendant interpreted the Laird Memoranda not to require mandatory upgrades but simply mandatory review and that persons who fell within the defined class could nevertheless be denied any upgrade if their military records disclosed evidence of service-related misconduct, or "aggravating circumstances," that could have formed the basis of the original discharge, even if that misconduct was neither cited nor relied upon in the discharge proceedings themselves. This Court ruled in favor of the plaintiffs on count one in its June 6, 1988 Memorandum Opinion and Order but was reversed by the Court of Appeals which held that the Laird Memoranda merely mandated a process of review and not automatic upgrades.

This Court was unable to grant summary judgment as to counts two and three of the plaintiffs' complaint in its prior order. In

counts two and three of their complaint the plaintiffs allege that the defendant's interpretation of the Laird Memoranda is fundamentally inconsistent with the interpretations that the Army and Air Force have adopted, and thus violates plaintiffs' statutory and constitutional rights to equal treatment. The plaintiffs contend that the Army and Air Force DRBs maintain a de facto standard under the Laird Memoranda which automatically provides an upgrade to at least general discharge when an applicant has satisfied the three criteria of the Laird Memoranda. In this Court's June 6, 1986 Memorandum Opinion and Order this Court found that a genuine issue of material fact existed as to plaintiffs' second and third claims and that summary judgment accordingly could not be entered for either party as to those claims. The Court of Appeals affirmed this Court's denial of summary judgement as to these claims. However, on remand and after further discovery, counts two and three of plaintiffs' complaint can now be disposed of pursuant to the parties' cross-motions for summary judgment.[1]

### B. *Difference in Approach Among the Branches*

■ The plaintiffs cite a statistical breakdown of the DRB decisions among the Air Force, Army and defendant which shows that in virtually every case the Air Force and the Army granted discharge upgrades but the defendant only granted upgrades in approximately only half of the cases. The defendant contends, in response, that the statistical difference is meaningless because the real concern is not uniformity of result but uniformity of standards by which results are achieved. This Court agrees with the defendant's position that the fact of a statistical disparity alone does not suggest that the component branches are applying fundamentally inconsistent standards in reaching their decisions whether to upgrade servicemen. *See National Association of Concerned Veter-*

---

**1.** For additional procedural history and factual background of this matter see *Vietnam Veterans*

*v. Secretary of the Navy,* 843 F.2d 528 (D.C.Cir. 1988).

ans v. Secretary of Defense, 487 F.Supp. 192, 204 (D.D.C.1979).

However, this Court notes that the statistical disparity between the defendant and the other component branches certainly raises a question which causes this Court to exercise a hard look at the substance of the DRB decisions to determine whether the cause of the disparities is due to the application of fundamentally inconsistent standards. The plaintiffs point to the language in several of the Army and Air Force DRB decisions involving the Laird Memoranda which raise the reasonable inference that these services are in fact granting upgrades to at least general whenever the applicant satisfied the three criteria and that these services looked at "aggravating circumstances" only to determine whether the applicant should receive a further upgrade to include fully honorable. For example, one Army DRB decision provides:

the applicant, who had been discharged for drug abuse, fell under the provisions of the Laird Memorandum and, therefore, should be given at least a General Discharge. Therefore, the Board considered the quality of service of the applicant and because of his many acts of indiscipline, to include two Articles 15, one Summary Court Martial and one Special Court Martial, they determined that it could grant no higher than a General Discharge because of these indisciplines.

This approach to the Laird Memoranda is fundamentally inconsistent with that of the defendant's which looks at aggravating circumstances in the first instance to determine whether to even upgrade an applicant's discharge to general.

The defendant has cited to no record facts by which to rebut the fact that, as a review of the Air Force and Army decisions illustrates, the defendant is applying a fundamentally different approach to the Laird Memoranda than the other component branches. The depositions of Colonel James Rowe and Colonel William Sawyer simply reaffirm the affidavits of Army Colonel James W. Rowe and Air Force Colonel Richard C. Swan which had supported the defendant's previous motion for summary judgment. Although Colonel Rowe and Colonel Sawyer testified in their depositions that they interpreted the Laird Memoranda to not require mandatory recharacterizations if the three criteria are met, their explanation of the discharge decisions to the contrary is simply that they disagree with the semantic wording of those decisions and that they do not think that they properly reflect the Laird Memoranda. However, the underlying question still begged is whether these decisions in fact have been applying the Laird Memoranda to require mandatory recharacterizations. Whether Colonels Rowe and Sawyer currently interpret the Laird Memoranda differently does not fully address how the Air Force and Army discharge decisions over the past several years have in fact been applying the Laird Memoranda.

Accordingly, this Court rules that the defendant has not been able to dispute the record fact that the defendant is interpreting the Laird Memoranda differently than the Air Force and Army.

C.  *Uniform Standards Requirement of 38 U.S.C. § 3103(e)(1)*

The plaintiffs contend that the defendant's fundamentally different approach to the Laird Memoranda violates the uniformity requirement that Congress has imposed on the DRBs. Section 3103(e)(1) of title 38 provides, in relevant part:

Notwithstanding any other provision of law, (A) no benefits under laws administered by the Veterans' Administration shall be provided, as a result of a change in or new issuance of a discharge under section 1553 of title 10, except upon a case-by-case review by the board of review concerned, under such section, of all the evidence and factors in each case under published *uniform standards* (which shall be historically consistent with criteria for determining honorable service and shall not include any criterion for automatically granting or denying such change or issuance) and procedures generally applicable to all persons administratively discharged or released from

active military, naval, or air service other than honorable conditions.

This Court agrees with the plaintiffs that the uniformity requirement of section 3103(e)(1) is being violated by virtue of the fundamentally inconsistent approaches that the component branches have adopted in regard to the Laird Memoranda. The conundrum with which this Court is now faced, however, is how to remedy this lack of uniformity. The fact of the matter is that this Court believed that the Laird Memoranda issued by the Secretary of Defense in fact mandated a uniform standard, but the Court of Appeals reversed this Court to hold that the Laird Memoranda mandated only a process of review and was precatory as to the actual standards to be employed in that review. In essence, the Court of Appeals has ruled that the component branches do *not* have to employ a uniform standard. To order the defendant to comply with the standard that has been adopted by the Air Force and the Army would undermine the Court of Appeals' holding. Moreover, this Court can find no reason to require the defendant to comply with the approach taken by the other component branches in order that a uniform standard exists among all the DRBs. If the Laird Memoranda does not establish mandatory standards of review and the only relevant issue is that of uniformity pursuant to section 3103(e)(1), then this Court could just as well order the other component branches to comply with the defendant's approach to the Laird Memoranda.

The most practical means by which to ensure that the uniformity requirement is satisfied would be to order the Secretary of Defense to promulgate a mandatory standard which the DRBs of all the component branches would have to follow in recharacterization proceedings for servicemen who received less than honorable discharges based on personal use or possession of drugs. However, the Secretary of Defense is not named in this suit and is accordingly beyond the reach of this Court.

Accordingly, this Court is unable to afford the plaintiffs any relief in order to remedy the uniformity violation of section 3103(e)(1).

D. *Equal Protection*

■ The plaintiffs contend that the differing positions among the branches in interpreting the Laird Memoranda constitutes a violation of their right to equal protection under the fifth amendment. The plaintiffs concede that there is no violation of the fifth amendment if a rational basis exists to support the different approaches among the branches in interpreting the Laird Memoranda.

The rational basis test of equal protection analysis is a very lenient one. As one court has expressed the standard when applied to military regulations:

under the traditional rational relation test, one who challenges a military regulation would carry an extremely heavy burden of proving the classification in question patently arbitrary and unrelated to any conceivably legitimate military purpose. This standard is tempting because of the threat to military administrative integrity by allowing routine challenges in court to military practices alleged to be arbitrary, irrational, or unwise to some extent. Under this standard a court would allow military practices a presumption of validity at least as indulgent as the standard of review traditionally accorded to economic and tax legislation. In other words, hands off.

*Vance v. United States*, 434 F.Supp. 826, 834 (N.D.Tex.1977).

In the instant case, the approach that the defendant has taken with regard to the Laird Memoranda goes to its fundamental management authority to determine the means by which it will treat or discipline personnel within its branch who have engaged in the use of drugs. The fact that the defendant believes that drug users should be treated more harshly than they are by the other component branches is certainly a rational exercise of its discretion. Courts must be particularly cautious in evaluating the internal operations of the military. *See Orloff v. Willoughby*, 345

U.S. 83, 93–95, 73 S.Ct. 534, 539–41, 97 L.Ed. 842 (1953).

■ The plaintiffs have cited this Court to no decision in which a court has held that inter-branch differences in the treatment of servicemen constitutes a violation of equal protection. Indeed, on the contrary, the caselaw that this Court has found provides that the Constitution requires no uniformity among the component branches in the treatment of personnel. *See, e.g., Poindexter v. United States,* 777 F.2d 231, 236 & n. 5 (5th Cir.1985); *Winters v. United States,* 412 F.2d 140 (9th Cir.1969); *Sharp v. Weinberger,* 593 F.Supp. 886, 891 (D.D.C.1984). Each branch is entitled to manage its internal operations as it sees fit without subjecting itself to an equal protection suit simply because another branch has adopted a different approach in the management or discipline of its personnel. As one court has provided, in ruling that there was no equal protection violation where the Air Force had different weight regulations for its personnel than the other component branches, "[t]he governmental interest in maintaining separate administration of these branches is a sufficient criterion by which to conclude that the personnel of each branch is not similarly situated with respect to demands made on them in relation to their performance of duties." *Vance,* 434 F.Supp. at 839 n. 16.

Accordingly, it hereby is

ORDERED that plaintiffs' motion for summary judgment be, and the same hereby is, DENIED; and it is further

ORDERED that the defendant's cross motion for summary judgment be, and the same hereby is, GRANTED.