William J. BARTMAN, Jr., Plaintiff,

v.

Richard B. CHENEY, Secretary of
Defense, et al., Defendants.

Civ. A. No. 92–2342.

United States District Court,
District of Columbia.

April 21, 1993.

Peter C. Forbes, Bryan A. Schwartz, Morrison & Foerster, Washington, DC, for plaintiff.

**2**

John R. Munich, Asst. U.S. Atty., Washington, DC, for Government.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff, William J. Bartman, was a civilian reporter for the Department of Defense ("DOD") newspaper *Stars and Stripes*, from March 1987 until March 1990, when he was fired. Defendants assert that Mr. Bartman was terminated for lying to his supervisor regarding the identity of the sources he had relied upon in writing a particular article. Plaintiff contends that Defendants' proffered reason was mere pretext, and that he was fired in retaliation for the role he played as a whistleblower in exposing news censorship, waste and fraud at *Stars and Stripes*.

On February 27, 1990 Mr. Bartman received 30 days notice of his termination due to his act of insubordination and dishonesty. Mr. Bartman was provided with an opportunity to respond to the reason given, and he did so. On May 8, 1991, Mr. Bartman was given a post-termination hearing before a United States Army Civilian Appellate Review Agency (USACARA) hearing officer, pursuant to Army Regulation ("AR") 215–3.

The USACARA hearing officer did not permit Mr. Bartman to present evidence on his retaliation claim. Mr. Bartman had requested, and was granted, an investigation into his termination by the Department of Defense Inspector General, who found that there was no merit to Plaintiff's reprisal claim.[1] The hearing officer believed that the Inspector General's review of Mr. Bartman's allegations precluded the hearing officer's consideration of this issue.

Plaintiff subsequently filed the complaint in this action, alleging that Defendants violated his First Amendment rights, his Fifth Amendment Due Process rights and that the decision to terminate his employment violated the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* Presently before the Court are Defendant's Motion to Dismiss or Transfer, or in the Alternative, for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment on his Administrative Procedure Act and Due Process claims.

██ Defendants first argue that venue for this action does not properly lie in the District of Columbia. The Court disagrees. Venue against officers and agencies of the United States properly lies in any judicial district in which "a defendant in the action resides." 28 U.S.C. § 1391(e)(1) (Supp.1992). Officers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction. When an officer or agency head performs a "significant amount" of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue. *Doe v. Casey*, 601 F.Supp. 581, 584 (D.D.C.1985), *rev'd on other grounds*, 796 F.2d 1508 (D.C.Cir.1986), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 917 (1988).

██ There is no doubt that, while the Secretary of Defense may perform much of his work at the Pentagon, located in Virginia, he also performs a significant amount of his official duties in the District of Columbia. Venue therefore is proper in this Court.[2]

Defendants also argue that they are entitled to Summary Judgment on the merits. Defendants argue (1) that having received notice of termination and an opportunity to

---

1. According to Plaintiff, the Inspector General's investigation did substantiate many of Plaintiff's allegations concerning waste, fraud and abuse at the DOD paper. *See* Memorandum in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer or in the Alternative for Summary Judgment, and in Support of Plaintiff's Cross–Motion for Summary Judgment, Exhibit 4.

2. *Doe* involved a wrongful discharge action filed in the District of Columbia against the Director of the Central Intelligence Agency. In finding venue was proper in the District of Columbia, the

Court in *Doe* noted that the CIA Director's statutory duties, including his role in the National Security Council, his seat in the President's Cabinet, and his maintenance of an office in the District supported the "conclusion that the Director performs a significant amount of his official duties in the District of Columbia." *Doe,* at 584. Like the CIA director in *Doe*, the Secretary of Defense in this case maintains two offices in the District and is a member of both the National Security Council and the President's Cabinet.

respond, a hearing before USACARA, and having had the benefit of the DOD Inspector General's investigation into his allegations of retaliation in connection with his whistleblowing reports, Mr. Bartman received all the process to which he was due; (2) that the Plaintiff, as a NAFI employee, cannot bring a claim for judicial review under the Administrative Procedure Act; and (3) that the Plaintiff fails to state a claim for a violation of his First Amendment rights.

As explained below, the Court agrees with Plaintiff that his due process rights were violated and will remand this case to the Department of Defense for further proceedings. Because of this disposition, the Court need not reach the second and third arguments raised by the defendants.

▮ At a post-termination hearing, due process requires that Plaintiff be given the opportunity to present his case fully. The USACARA officer believed that the Inspector General's investigation of Plaintiff's claim barred his consideration of this issue. Army Regulation 215-3, Chapter 8, Section 1, paragraph 8-3x does provide for the exclusion of "[a]ny matter which has its own review of appeal procedure stated as part of its regulatory provisions" from administrative appeals, such as Plaintiff's, covered by those regulations.

However, paragraph 8-3c of the same section provides an exception which pertains to Plaintiff's situation in this case. That paragraph provides for the exclusion of

[m]atters accepted by the Inspector General and The Auditor General for investigation, *except where an adverse personnel action is involved* or where a form of personal relief can be granted by the Department of Army.

Army Regulation 215-3, Chapter 8, Section 1, paragraph 8-3c.

Moreover, at the hearing on the instant motions held before the Court on April 14, 1993, Defendants conceded that, had the DOD Inspector General not conducted an investigation into Plaintiff's allegations, the USACARA hearing officer would have been free to consider Plaintiff's claim. In affording special investigatory procedures for whis-

tleblowers, Congress cannot have intended that whistleblowers receive less protection than other federal employees facing an adverse employment action.

▮ Defendants make a compelling argument to justify Plaintiff's termination—namely, that he lied to his supervisor. However, fundamental to Plaintiff's defense at his termination hearing is his ability to introduce evidence that Defendants' proffered reason for his termination was mere pretext and that he was in fact discharged in retaliation for his whistleblowing activities. Thus, due process requires that Plaintiff be permitted to present such evidence. Because Plaintiff was not permitted to do so, this case is remanded to the Department of Defense for further proceedings consistent with this Opinion.

An appropriate Order accompanies this Opinion.

## ORDER

Presently before the Court are Defendant's Motion to Dismiss or Transfer, or in the Alternative, for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment. Upon consideration of these motions and any oppositions thereto, and after conducting a hearing on these motions on April 14, 1993, for the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that this case is remanded to the Department of Defense for further proceedings consistent with the foregoing Memorandum Opinion.