LCDR Edward S. SMITH, Jr., Plaintiff,

v.

The Honorable John H. DALTON, United States Secretary of the Navy,

and

Board for Correction of Naval Records, Defendants.

Civil Action No. 94–2755(RMU).

United States District Court, District of Columbia.

May 28, 1996.

Kurt Fischer, Benjamin Sorrells Boyd, Martin E. Wolf, Piper & Marbury, Baltimore, MD, for Plaintiff.

Charles Francis Flynn, U.S. Attorney's Office, Washington, D.C., for Defendants.

*MEMORANDUM OPINION AND ORDER*

URBINA, District Judge.

**Denying the Defendants' Motion to Dismiss; Denying the Parties' Motions for Summary Judgment and Remanding Case to the Board for Correction of Naval Records**

This matter comes before the court upon defendants' motion to dismiss or in the alternative for summary judgment; plaintiff's opposition and cross-motion for summary judgment; defendants' opposition; and the parties' replies. Presently, the court must determine whether this forum provides proper venue, and whether the defendants acted arbitrarily and capriciously when they denied the plaintiff's application for correction of his service record without a hearing. The court concludes that venue is proper in the District of Columbia since the Secretary of the Navy can have more than one residence for the purpose of venue. The court further concludes that at this juncture it cannot determine whether the defendants' decision not to correct the plaintiff's record was contrary to the applicable legal principles. Accordingly, the court remands this action to the Board for Correction of Naval Records for further proceedings and with instructions as outlined below.

## I. BACKGROUND

The uncontroverted facts indicate that on December 23, 1994, the plaintiff (Lieutenant Commander Edward S. Smith, Jr. USN (Retired)) (LCDR Smith) filed a complaint in this court against the United States Secretary of the Navy and the Board for Correction of Naval Records (BCNR) pursuant to 10 U.S.C. § 1552 and 5 U.S.C. § 702, seeking declaratory relief.[1] On October 5, 1990, the plaintiff applied to the BCNR for a service record correction. The plaintiff proffered that past marital problems and records of hospitalization for mental illness could have had a detrimental effect on his career. He sought removal of the decisions of the Promotion Boards refusing to promote him for the fiscal years 1987 through 1992. The plaintiff attached a seventeen page detailed affidavit and petitioned the BCNR to insert a corrective memorandum which would explain his circumstances as well as reflect a more favorable level of performance.[2] On June 20, 1991, after consideration of an advisory opinion from the Naval Military Personnel Command (NMPC) which concluded that the plaintiff's petition be denied,[3] the BCNR denied the plaintiff's petition.[4] On July 11, 1991, the plaintiff filed a "resubmission of application for correction of record with amendment."[5] This application included a request for promotion to the rank of Commander and an award of the difference in pay between Lieutenant Commander and Commander.[6] By a letter dated August 12, 1991, the BCNR again denied the plaintiff's petition. This denial letter cited a June 12, 1991 three-member panel BCNR decision which reviewed the plaintiff's application and found that "the evidence submitted was insufficient to establish the existence of probable material error or injustice."[7] The letter further noted that the plaintiff was "entitled to have the Board reconsider its decision upon submission of new and material evidence of other matter not previously considered by the Board."[8]

On April 29, 1993, the plaintiff filed another application for the correction of his Naval records, seeking an order that would require

---

1. 10 U.S.C. § 1552 provides, in pertinent part,
    The Secretary of a military department ... may correct any military record of that department when he considers it necessary to correct an error or remove an injustice.
    5 U.S.C. § 702 provides, in pertinent part,
    A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

2. *See* Administrative Record (A.R.) at pp. 636–660.

3. A.R. at 440.

4. A.R. at 555–556.

5. A.R. at 536–550.

6. A.R. at 536, 539.

7. A.R. at 555.

8. A.R. at 556.

the removal of the decisions of the Promotions Boards refusing to promote him in fiscal years 1987 through 1992; that would retroactively promote him and award him back pay; and that would require the filing of a Certificate of Correction with his permanent Naval records indicating that the Navy made no finding that he suffers from any psychological disorder or mental illness.[9] This application was based on new information that the plaintiff obtained on June 26, 1993, as a result of a Freedom of Information Act (FOIA) request he submitted to the Department of the Navy.[10] The new information included allegations by the plaintiff's former wife, Ms. Emma–Jo, alleging that Mr. Smith suffered from depression and was a paranoid schizophrenic, as well as an admission that she had contacted Navy superiors and the psychologist intern who treated the plaintiff.[11]

On October 4, 1993, the Bureau of Naval Personnel issued an advisory opinion which recommended denial of the plaintiff's request.[12] On November 30, 1993, a concurring advisory opinion was issued by the same office.[13] On July 26, 1994, in a sworn affidavit, Ms. Emma–Jo formally retracted her derogatory statements about the plaintiff. This sworn affidavit was sent to the defendants with an attached synopsis, dated August 21, 1994, setting out the importance of the new information.[14] Finally, on October 7, 1994, the BCNR issued a decision denying the plaintiff's April 29, 1993 application for correction. The Board concurred with the two advisory opinions issued by the Bureau of Naval Personnel.[15] The Board stated that the "evidence submitted was insufficient to establish the existence of probable material error or injustice."[16] This action followed.

The plaintiff seeks a correction of his service record in order to remove prejudicial material concerning his mental health and personal history which he believes adversely affected his ability to secure civilian employment. The plaintiff further asks that the defendants include information in his record that will reflect a more favorable level of performance. Specifically, the plaintiff requests: (1) a declaration from the court stating that the BCNR acted arbitrarily and capriciously by denying his application for correction of service records without a hearing; (2) a remand of his application for correction of service records to the Naval Corrections Board, with directions to hold a further hearing on his application; and (3) an award of reasonable costs and attorneys' fees.

On March 20, 1995, the defendants submitted a motion to dismiss for lack of venue or, in the alternative, a motion for summary judgment. On April 10, 1995, the plaintiff filed an opposition to defendants' motion and a cross-motion for summary judgment.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12

The defendants have moved to dismiss the plaintiff's complaint on the grounds of improper venue. Fed.R.Civ.P. 12(b)(6) provides, however, that a complaint shall not be dismissed unless "the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[17] When reaching its conclusion, the court may only look to the

9. Complaint at p. 12.

10. The new information includes the following: (1) an investigation report containing the accusation by LCDR Smith's ex-wife that he was a paranoid schizophrenic and was suicidal, (2) a retraction of these accusations by his ex-wife, and (3) further proof that his ex-wife had falsely told his treating psychologist that he was severely mentally ill.

11. *Id.*

12. A.R. at 439.

13. A.R. at 438.

14. A.R. at 375–399.

15. The advisory opinions dated October 4, 1993 and November 30, 1993 were issued prior to the Plaintiff's new submissions dated, August 31, 1994.

16. A.R. at 367–368.

17. *See Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979) (*quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

**4**

plaintiff's complaint, items in the record of the case, and matters of public record.[18] Furthermore, the complaint must be liberally construed in the plaintiff's favor, including any inferences derived from the factual allegations.[19] However, the court need not accept inferences unsupported by the facts.[20] Moreover, the court is not mandated to accept the plaintiff's legal conclusions.[21] Applying these standards, the court rules that the defendants' motion to dismiss shall be denied inasmuch as proper venue lies in this jurisdiction.

## B. Federal Rule of Civil Procedure 56

The parties have filed cross-motions for summary judgment. The defendants claim that their decisions not to promote the plaintiff, not to correct his records, and not to conduct a hearing on the matter do not violate the applicable legal standards. The plaintiff, on the other hand, contends that the defendants' actions are arbitrary and capricious and, therefore, should be reversed. Fed.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[22] The court must view the facts and any permissible inferences drawn from them in a light most favorable to the non-moving party.[23] A material fact is a fact that the substantive law labels as possibly affecting the outcome of the suit.[24] "Consequently, the presence of a material fact is predicated on the existence of a legal theory that is viable under the non-moving party's version of the facts."[25] Where cross-motions for summary judgment exist, the court shall not grant summary judgment unless it is clear that one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely in dispute.[26]

## C. Standard of Agency Review

■ Judicial review of an administrative agency decision is authorized under the Administrative Procedures Act, 5 U.S.C. § 701 et seq., "[B]oard decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based upon substantial evidence."[27] The plaintiff has the burden of satisfying this standard by providing "cogent and clearly convincing evidence" and must "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith."[28] A court is not, however, "empowered to rubber-stamp the Board's decision simply because the supporting evidence may be substantial when considered by itself and in isolation from the evidence that fairly detracts from the Board's conclusion."[29] Presently, the

18. See *Phillips v. Bureau of Prisons,* 591 F.2d 966, 969 (D.C.Cir.1979); *see also Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1226 (D.C.Cir.1993) (*citing Phillips,* 591 F.2d 966).

19. *Id.*

20. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994).

21. See *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986); *Kowal,* 16 F.3d at 1276.

22. Fed.R.Civ.P. 56(c).

23. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986).

24. See *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

25. *325–343 E. 56th Street Corp. v. Mobil Oil Corp.,* 906 F.Supp. 669, 673 (D.D.C.1995).

26. See *Rhoads v. McFerran,* 517 F.2d 66, 67 (2d Cir.1975).

27. See *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983); *Horn v. Schlesinger,* 514 F.2d 549, 553 (8th Cir. 1975); *King v. United States,* 19 Cl.Ct. 703, 705 aff'd, 918 F.2d 186 (Fed.Cir.1990); *Mozur v. Orr, Secretary of the Air Force,* 600 F.Supp. 772, 776 (E.D.Pa.1985); *see also Swann v. Sec. of the Navy,* 811 F.Supp. 1336, 1339 (N.D.Ind.1992); *Henry v. Dept. of Navy, BCNR,* 755 F.Supp. 1442, 1448 (E.D.Ark.1991); *Blassingame v. Sec. of Navy,* 678 F.Supp. 416, 418 (E.D.N.Y.1988).

28. *Swann,* 811 F.Supp. at 1339; *see also Sanders v. United States,* 594 F.2d 804, 813, 219 Ct.Cl. 285 (1979).

29. *Id.* at 1340.

court must review the defendants' decision to deny the plaintiff's request that his record be corrected without a hearing.

■ There is a strong presumption that the personnel involved in the decision making process have faithfully discharged their duties.[30] However, notwithstanding the deference that must be afforded to the military, the court conducting the review must have sufficient information to determine that the BCNR's decisions were proper.[31] The reason why defendants must provide sufficient information is threefold: (1) it enables the court to give proper review to the administrative determination; (2) it helps to keep the administrative agency within proper authority and discretion, as well as helping to avoid and prevent arbitrary, discriminatory, and irrational action by the agency; and finally, (3) it informs the aggrieved person of the administrative boards' rationale so he can plan his course of action, including requests for judicial review.[32] Therefore, although the agency need not provide an "extensive exegis" of the rationale underlying its decisions, it must sufficiently discuss its reasoning so as to allow a court to review its decisions.[33]

To establish that the defendants' decision was not based on "substantial evidence," the plaintiff must demonstrate that the Board's decision is not justified by the evidence presented or its judgment on matters within its special competence.[34] A court cannot give as much deference to the Board's determination when an agency does not specify the factual or legal grounds for its decision.[35] However, if the record contains such evidence that a reasonable mind might accept as adequate to support a conclusion, the court must accept the Board's findings.[36] Finally, in reviewing an administrative body's decision, the court must examine whether or not the agency has considered all of the evidence before it, and if so, if it has stated why evidence contrary to the final decision was "disregarded or given less weight." [37]

The court must examine whether the reasons offered by the defendants are sufficient to satisfy the legal principles set out above when deciding how much deference to afford the BCNR and in evaluating its reasoning. For the reasons stated below, the court concludes that the BCNR has not sufficiently specified the factual or legal grounds for its decision, rather it has insufficiently and perfunctorily stated that "the evidence submitted was insufficient to establish the existence of probable material error or injustice." [38] Furthermore, there is no satisfactory showing on the record that indicates that the decisions were based upon a balanced consideration of all evidence available and presented. For these reasons, the court "cannot give as much deference to the Board's determination as if it had given detailed findings to support, and fuller explanations of the reason for, its conclusion." [39]

## III. DISCUSSION

### A. Venue

■ Preliminarily, the defendants argue that venue is improper in this jurisdiction. Venue is governed by 28 U.S.C. § 1391(e), which states in pertinent part,

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official

---

30. *See Mozur,* 600 F.Supp. at 781 *(citing Neal v. Secretary of the Navy,* 639 F.2d 1029, 1037–1038 (3d Cir.1981)).

31. *Id.*

32. *Id.*

33. *See Mozur,* 600 F.Supp at 781 *(citing Neal v. Secretary of the Navy,* 639 F.2d 1029, 1038 (3d Cir.1981)); *see also Istivan v. United States,* 689 F.2d 1034, 1038, 231 Ct.Cl. 671, 689 (1982).

34. *Swann,* 811 F.Supp. at 1339. Substantial evidence is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Cruse v. Bowen,* 867 F.2d 1183, 1184 (8th Cir.1989) (internal citations omitted).

35. *Swann,* 811 F.Supp. at 1342.

36. *Id.* at 1340.

37. *Mozur,* 600 F.Supp. at 782.

38. A.R. at 367.

39. *Werner v. U.S.,* 642 F.2d 404, 408, 226 Ct.Cl. 462 (Ct.Cl.1981).

capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides ...

■ The Secretary of the Navy's main office is in the Pentagon and the BCNR's main office is in the Navy Annex, both of which are located in Virginia. The defendants argue that their official residence for purposes of venue is in Arlington, Virginia. However, officers and agencies of the United States can have more than one residence which would allow venue to be proper in more than one jurisdiction.[40] The test is whether the officer or agency performs a "significant amount" of his or her official duties there.[41] Although the Secretary of Defense may perform much of his work at the Pentagon, he also performs a significant amount of his official duties in the District of Columbia. Venue, therefore, is proper in the District of Columbia.[42] Courts have consistently allowed the Secretary of the Navy to be sued in the District of Columbia because he performs a significant amount of his official duties in this jurisdiction.[43] The Secretary of the Navy is the head of the Department of the Navy and the President's principle advisor regarding Naval affairs. The Secretary maintains offices in the District of Columbia and is actively involved in dealings with Congressional committees and District of Columbia agencies. Accordingly, the court concludes that these activities suf-

fice to make venue proper in the District of Columbia.

## B. Correction of Service Records and Plaintiff's Request for a Hearing [44]

At issue before the court is whether the defendants acted arbitrarily and capriciously when they denied the plaintiff's application for correction of his service record without a hearing. The defendants maintain that "the inaccurate information about which the plaintiff complains is not maintained in his official record." [45] Furthermore, defendants claim that they did not violate the applicable rules when they denied the application without a hearing.[46]

The secretary of a military department is authorized under 10 U.S.C. § 1552(a) to correct military records when "he considers it necessary to correct an error or remove an injustice." [47] Specifically, the secretary is allowed to "correct any military record of that department" which he presides over and to "pay ... a claim for loss of pay, allowances, compensation, emoluments, or other pecuniary benefits, or for the repayment of a fine or forfeiture if ... the amount is found to be due the claimant." [48] This correction process is undertaken by "boards of civilians of the executive part of [the] military department [involved]." [49] In the present case, the civilian board is referred to as the Board for Correction of Naval Records (BCNR).

■ Correction boards have a duty to investigate and correct service records when they have determined there is error or injus-

40. See Bartman v. Cheney, 827 F.Supp. 1, 2 (D.D.C.1993).

41. Id.

42. Id. at 2.

43. See e.g., Vietnam Veterans v. Sec. of the Navy, 843 F.2d 528 (D.C.Cir.1988); Bozin v. Sec. of the Navy, 657 F.Supp. 1463 (D.D.C.1987); Harley v. Sec. of the Navy, 896 F.Supp. 29 (D.D.C.1995); GE Gov. v. United States, 788 F.Supp. 581 (D.D.C.1992); Vietnam Veterans v. Sec. of the Navy, 741 F.Supp. 1 (D.D.C.1990); Leslie & Elliott Co. v. Sec. of the Navy, 732 F.Supp. 191 (D.D.C.1990); and Cerberonics v. Sec. of the Navy, 1991 WL 45738 mem. op. (D.D.C.1991).

44. Although plaintiff states that the information contained in his record adversely affected his opportunity to be promoted, he does not seek a retroactive promotion; nor could he. Personnel decisions of that nature are not subject to review by a court. Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1511 (D.C.Cir.1989).

45. Defendants's Opposition at p. 5.

46. Motion to Dismiss at p. 8.

47. 10 U.S.C. § 1552(a)

48. Id.

49. Id.

tice.[50] The board, thus, has a duty to investigate the possibility of any error or injustice within the record. Failure to adequately do so may result in factual and/or legal error.[51] Upon review of an application for correction of a record, the BCNR may (a) authorize a hearing on the application, (b) recommend that the correction be made without a hearing, or (c) deny the application without a hearing. In order to deny the application without a hearing, the Board must determine that "insufficient evidence has been presented to demonstrate the existence of probable material error or injustice."[52] Furthermore, if the BCNR denies an application without a hearing it must issue its decision in writing and include a brief statement of the grounds for its denial.[53] This statement must set out the reasons for the denial and all of the essential facts relied upon in reaching its decision.[54]

█ The defendants first assert that the inaccurate information about which the plaintiff complains is not maintained in his official record.[55] However, the defendants limit their discussion to the effect of the information on the plaintiff's ability to be promoted within the Navy. They neglect to provide any light as to whether this information is available to prospective civilian employers, which is the relevant concern, since the plaintiff no longer seeks advancement within the Navy. Rather, he is concerned with the effect the information contained in his records may have on his ability to secure civilian employment.

The Naval Military Personnel Manual (the Manual) lists the contents of the official record in the section entitled, "5010110 Officer Microfiche Record." The officer record consists of six different categories which contain the following information: Fiche No. 1—Fitness and Awards; Fiche No. 2—Professional History; Fiche No. 3—Personal Data; Fiche No. 4—Orders; Fiche No. 5—Privileged Information; Fiche No. 6—Enlisted Record. Fiche No. 5—Privileged Information, includes "other information of a highly personal nature (e.g., psychiatric examination)."[56]

The plaintiff has complained about "the inaccuracy of [his] Naval records, specifically the references to emotional and mental instability."[57] Furthermore, the plaintiff has referred to a medical report which stated that he suffered from a permanent condition that could not be corrected through treatment, records which indicated that the plaintiff was hospitalized in a mental health facility, and the existence of an investigation into his mental health that included a sworn allegation that he was a paranoid schizophrenic.[58] As this information comes within the ambit of the six categories, the court concludes that the information of which the plaintiff complains is included in his military record and thus amenable to correction by the defendants.

█ The next issue the court must address is whether the defendants acted arbitrarily and capriciously in denying the plaintiff's request for correction of his record

---

50. *See Dodson v. United States Government, Dept. of Army*, 988 F.2d 1199 (Fed.Cir.1993); *Sanders v. United States*, 594 F.2d 804, 219 Ct.Cl. 285 (1979) (*en banc*); *Yee v. United States*, 512 F.2d 1383, 206 Ct.Cl. 388 (1975); and *Grieg v. United States*, 640 F.2d 1261, 226 Ct.Cl. 258 (1981).

51. This court may review the Board's actions if there is a "failure to correct an alleged injustice where factual ... error has been committed by the military and the error is so shocking to the conscience that [the] board's failure to correct it rises to the level of legal error." *Id.*

52. 32 C.F.R. § 723.3(e)(2).

53. 32 C.F.R. § 723.3(e)(4).

54. 32 C.F.R. § 723.3(e)(5) provides, in pertinent part,

The brief statement of the grounds for denial shall include the reasons for the determination that relief should not be granted, including the applicant's claim of constitutional, statutory and/or regulatory violations that were rejected, together with all the essential facts upon which the denial is based ... Attached to the statement shall be any advisory opinion considered by the Board which is not fully set out in the statement, together with any minority opinion.

55. Opposition at p. 5.

56. Naval Military Personnel Manual 5010110 Officer Microfiche Record (3)(e)(4).

57. *See* Plaintiff's Complaint at p. 13.

58. *See* Plaintiff's Opposition at p. 3.

without a hearing. At this juncture, the court cannot make such a determination. On August 31, 1994, the plaintiff attached new information to his application and submitted it to the BCNR for consideration. On October 7, 1994, the BCNR issued a decision denying the plaintiff's application for correction. According to the plaintiff, the Board did not provide an adequate written response to the application as required by 32 C.F.R. § 723.3(e)(5). The plaintiff states that the Board failed to consider the critical new evidence dated July 26, 1994, in reaching its decision not to correct his record.

With respect to the issue of correction of records, *Mozur v. Orr, Secretary of the Air Force*, 600 F.Supp. 772 (E.D.Pa.1985), is instructive. The present case shares a similar factual posture as *Mozur*. In *Mozur*, a former serviceman sought correction of his military record so that it was clear that his mental problems were service related, thereby entitling him to disability benefits. The Air Force Board for Correction of Military Records (AFBCMR) denied the plaintiff's request relying on a "memorandum prepared by the Office of the Surgeon." [59] The Board "took notice of the applicant's complete submission in judging the merits of the case." [60] Because it cited to the memorandum opinion for its reasoning, the Board did not recite the facts.[61] The Board reasoned that the records were correct and that they indicated that Mr. Mozur's mental condition was not service-oriented.[62] The court concluded that this reasoning was insufficient to allow proper judicial review of the conclusions.[63] "A naked conclusion and mere recitation that the opinion is based upon all of the evidence without an analysis of the evidence in writing

(as here), is inimical to a rational system of administrative determination and ultimately inadequate." [64] Moreover, the purported new evidence brought forward by the plaintiff in *Mozur* post-dated the sources relied upon by the Board in reaching its conclusion.

Similarly, the defendants in this case relied on an advisory opinion dated, March 15, 1991 for their decision.[65] This opinion pre-dates the new evidence brought forth by the plaintiff. As to the issue of whether or not the plaintiff's record should be corrected, the advisory opinion concludes that the record is "complete and accurate" and "therefore there is no basis at this time" for correction.[66] The defendants have argued that the denial letter with the advisory opinion is sufficient in explanation and satisfies the 32 C.F.R. § 723.3(e)(5) requirement that the BCNR issue a "brief statement" of the grounds for the denial.[67] The Board's statement was that "the evidence submitted was insufficient to establish the existence of probable material error or injustice." [68] However, such perfunctory language is not sufficient to "specify the factual or legal grounds" of a decision.[69] Even coupled with the advisory opinion, the test remains unsatisfied.[70]

Although the denial letter demonstrates that the Board carefully and conscientiously considered the entire record,[71] the decision was based on an advisory opinion that was issued well before the plaintiff submitted the new information. The opinion was issued on March 15, 1991. The new information, specifically Ms. Emma–Jo's "statement of retraction" is dated July 26, 1994.[72] Defendants claim that they have considered this

59. *Mozur*, 600 F.Supp. at 782.

60. *Id.*

61. *Id.*

62. *Id.*

63. *Id.*

64. *Mozur*, 600 F.Supp. at 781 (*citing Beckham v. United States*, 392 F.2d 619, 622, 183 Ct.Cl. 628 (1968)).

65. A.R. at 440.

66. A.R. at 440.

67. *See* Defendants' Motion to Dismiss at p. 9.

68. A.R. at 367.

69. *See Swann*, 811 F.Supp. at 1342; and *Werner*, 642 F.2d at 408.

70. *See* 32 C.F.R. § 723.3(e)(5).

71. A.R. at 367.

72. A.R. at 399.

information in reaching their decision.[73] However, the basis for the decision is the advisory opinion of 1991 as well as the concurring memoranda dated November 30, 1993 and October 4, 1994.

In *Mozur*, the plaintiff presented evidence subsequent to the decisions on which the AFBCMR based its final decision. This evidence tended to show that he did not suffer from any mental disorders. The court stated that,

> [I]t is the obligation of the AFBCMR, as it is the duty of all administrative bodies whose decisions may be reviewed by the courts, to show that it has considered all of the evidence before it and to state why evidence contrary to the ultimate conclusion reached was disregarded or given lesser weight. There is nothing in the decision of the AFBCMR or of the Office of the Surgeon which would suggest that either body evaluated the evidence presented with the application which postdated the decision of the Board of Veterans Appeals.[74]

In the present case, the concurring memoranda merely refer to the advisory opinion of 1991. Nowhere have the defendants addressed the new information in writing. This new information may illustrate the existence of probable material error or injustice. The defendants have not articulated any reason as to why the new evidence presented was insufficient to alter their original conclusion. Thus, the decision of the Board does not presently reflect a consideration of all the evidence available and presented by the plaintiff.

The defendants posit that "[e]ven if the BCNR's statement is not in conformity with 32 C.F.R. § 732.3(e)(5), such error is harmless since the basis for the BCNR's decision is adequately established in the record."[75]

In making their argument, the defendants rely on *Selman v. United States*.[76] The court in *Selman* found that it was harmless error for the Secretary of the Navy to deny relief when the decision did not adequately state its rationale. The court concluded that sources other than a formal statement of reasons provided for the basis of the administrative action.[77] Presently, the defendants have provided summary findings and reasoning for their decision. Thus, the court cannot give as much deference to the BNCR's decision as if it had given detailed findings to support, and fuller explanations of, the reasons for its determination as in *Selman*.[78] In analyzing the reasons provided by the Board, the court cannot conclude that it took into account the new evidence in reaching its decision not to correct the plaintiff's record. The nature of the new evidence is such that the Board should have made specific reference to it. The plaintiff avers and defendants do not contest that the plaintiff's record is subject to review by prospective employers. The impact that the plaintiff's service record may have on his ability to secure civilian employment necessitates the Board's consideration of the new evidence.[79] Thus, the Board needs to engage in a more comprehensive review, memorialized in writing, of the new evidence.

## IV. CONCLUSION

In a situation such as this one, "the court may either look to the record as a whole, without giving much deference to the conclusion of the Board, to determine whether the plaintiff should be awarded the relief requested," or the court may "remand the matter to the [Board] for reconsideration of the application and for preparation of a more complete discussion of the basis for its

---

73. A.R. at 367.

74. *Mozur*, 600 F.Supp. at 782.

75. *See* Defendants's Motion to Dismiss at p. 11.

76. 723 F.2d 877 (Fed.Cir.1983).

77. *Environmental Defense Fund v. E.P.A.*, 465 F.2d 528, 537 (D.C.Cir.1972).

78. *See Istivan v. United States*, 689 F.2d 1034, 1038 (Ct.Cl.1982) (internal citations omitted).

79. The plaintiff's opportunity for promotion is irrelevant, since he is no longer seeking promotion and since promotion decisions are not reviewable by the court.

conclusion." [80] The court concludes that a remand is the most appropriate alternative because the BCNR possesses particular expertise in reviewing applications for correction of records and in applying the appropriate Navy regulations. In addition, it is not apparent to the court that BCNR has had a full opportunity to consider the new evidence which post-dated the sources upon which its final decision relied.

Accordingly, it is this 28 day of May 1996,

**ORDERED** that this case be remanded to the BCNR with the following directions:

(1) conduct a hearing or thoroughly review all of the available evidence, including the new evidence presented by Mr. Smith; (2) determine whether the entirety of the evidence warrants a correction of Mr. Smith's record; and (3) state, in writing and with the requisite specificity, the evidence considered and the factual and legal basis for whatever determination is reached; and it is,

**FURTHER ORDERED** that the parties' motions be denied without prejudice; and it is,

**ORDERED** that this case be dismissed without prejudice; and it is

**FURTHER ORDERED** that if within 30 days after final administrative action, none of the parties move to re-open the case, this action will stand dismissed with prejudice.

**SO ORDERED.**

---

80. *Mozur,* 600 F.Supp. at 782 (internal citations omitted).