**Jack L. STEM, Plaintiff,**

v.

**Gordon R. ENGLAND, Secretary of the Navy Defendant.**

**No. CIV. A. 01–0865 (RMU).**

United States District Court, District of Columbia.

Oct. 30, 2001.

Eugene R. Fidell, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for Plaintiff, Lt. Commander Jack L. Stem.

Andrew D. Auerbach, Special Asst. U.S. Attorney, Washington, DC, for the defendant, Secretary of the Navy Robert B. Pirie, Jr.

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

URBINA, District Judge.

## I. INTRODUCTION

The plaintiff, Jack Stem ("the plaintiff"), brings this action against the Secretary of the Navy ("the defendant"), alleging that the decision made by the Board for Correction of Naval Records ("BCNR") is contrary to law, arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence. Before the court is the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment. Upon consideration of the parties' submissions and the relevant law, the court will grant the defendant's motion and deny the plaintiff's motion.

## II. BACKGROUND

### A. Factual Background

By way of background, the plaintiff is an active duty Lieutenant Commander ("LCDR") in the U.S. Navy who was not selected for promotion by the fiscal year ("FY") 2000 selection board. *See id.* ¶¶ 2, 5. Among other things, the selection board considered two fitness reports, respectively dated November 12, 1996 and April 15, 1997, in reaching its decision. *See id.* ¶ 6;

*see also* Administrative File of BCNR in the case of *LCDR Jack L. Stem* [hereinafter "Admin. File"] at 14–17.

On February 23, 2000, Captain Robert H. Wood (U.S.Navy, Retired), the author of the two fitness reports mentioned above, sent a letter to the president of the FY 2001 selection board. *See* Admin. File at 18. In that letter, Captain Wood explained his philosophy in rating the officers in his command. *See id.* His goal was "to try and give deserving officers the opportunity to finish at or near, the top [of the rating scale] before they detached." *See id.* Captain Wood also wrote:

> [h]ad I remained on active duty, I would have ranked Jack [Stem] my number one officer on the next fitness cycle. Also, had I not taken into consideration Jack's relative experience and 'juniority,' but only considered his stellar achievements and demonstrated leadership ability, I would have ranked him significantly higher earlier in his tour.

*Id.* In addition to his non-selection in FY 2000, the plaintiff was not selected for promotion by the FY 2001 selection board. *See* Compl. ¶ 5.

## B. Procedural History

By way of procedural history in the case, following the decision rendered by the FY 2001 selection board, the plaintiff applied to BCNR for correction of his personnel record on October 24, 2000. *See id.* ¶ 10. The plaintiff sought to have the two fitness reports referred back to the author for correction. *See* Admin. File at 7. The plaintiff claimed that Captain Wood improperly lowered his evaluation of the plaintiff and that the letter demonstrates Captain Wood's evaluation of officers based on a system of "progressively-higher evaluations as time elapses based upon relative seniority of the officers under evaluation." *See id.* at 10. The plaintiff attempted to have BCNR set aside the FY 2000 and FY 2001 selection boards' determinations regarding his non-selection for promotion and to have his record referred, after having been corrected, to a Special Selection Board to reconsider the plaintiff for promotion to Commander. *See* Admin. File at 7.

On March 28, 2001, the Executive Director of BCNR informed the plaintiff that BCNR had considered the plaintiff's application for correction of his records, and that BCNR had decided that it would take no action. *See* Admin. File at 1. Specifically, BCNR "found no authority for [the plaintiff's] counsel's proposition that [the plaintiff's] reporting senior could not properly consider [the plaintiff's] experience and seniority in ranking [the plaintiff]." *See id.*

On April 19, 2001, the plaintiff filed his complaint with this court against the Secretary of the Navy, alleging that BCNR's decision was "contrary to law, arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence." *See* Compl. ¶ 15. In the complaint, the plaintiff requests that the court grant him equitable relief from BCNR's decision by issuing a judgment reversing BCNR's decision, directing that the fitness reports be referred back to their author for correction, voiding the plaintiff's "pass[-]overs" for promotion to Commander, and requiring the plaintiff's corrected record to be referred to a special selection board to reconsider the plaintiff for FY 2000 and FY 2001 board action. *See id.* at 5.

The defendant filed a motion for summary judgment on August 6, 2001. On September 4, 2001, the plaintiff filed a cross-motion for summary judgment. These motions are now before the court. For the reasons that follow, the court will deny the plaintiff's cross-motion for summary judgment and grant the defendant's motion for summary judgment.

## III. ANALYSIS

### A. Legal Standards

#### 1. Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *see also Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *See id.* at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *See id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *See Greene v. Dalton*, 164 F.3d 671, 674 (D.C.Cir.1999). Rather, the nonmoving party "must come forward with specific facts" that would enable a reasonable jury to find in its favor. *See id.* at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted).

#### 2. Judicial Review of an Administrative Agency Decision

The Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, requires a court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A); *see also Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1982) (applying the standard to BCNR decisions). The plaintiff has the burden of satisfying this standard by providing "cogent and clearly convincing evidence" and must "overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith." *See Smith v. Dalton*, 927 F.Supp. 1, 4 (D.D.C.1996).

### B. ANALYSIS

#### 1. The Court Denies The Plaintiff's Cross–Motion for Summary Judgment

Turning first to the plaintiff's cross-motion for summary judgment, the plaintiff asserts that BCNR's decision not to correct the plaintiff's record with regard to the fitness reports prepared by Captain Wood was arbitrary, capricious, an abuse of discretion, and contrary to law. *See* Pl.'s Cross–Mot. for Summ. J. at 4. Specifically, the plaintiff argues that Captain

Wood's letter to the FY 2001 Promotion Board indicates that Captain Wood allowed the plaintiff's lack of experience and seniority to trump the plaintiff's actual achievements and demonstrated leadership ability. *See id;* Admin. File at 1. The plaintiff draws the conclusion that this allowance violated Navy Regulations and that BCNR's decision was contrary to law. Specifically, the plaintiff argues that there was no authority for the proposition that a reporting senior can properly consider a rated officer's experience and seniority in preparing an officer's evaluation. *See id.*

To support his contention that a reviewing officer may not take an officer's experience and seniority into account when preparing a fitness report, the plaintiff cites several paragraphs of Bureau of Naval Personnel Command Instruction ("BUPERSINST") 1610.10, Enclosure (1), "Navy Performance Evaluation and Counseling System Overview for Commanding Officers, Delegated Reporting Seniors, and Raters" [hereinafter "Enclosure (1)"], and BUPERSINST 1610.10, Enclosure (2), "Navy Performance Evaluation and Counseling Manual (Eval Manual)" [hereinafter "Enclosure (2)"]. *See* Pl.'s Cross–Mot. for Summ. J. at 5.

The plaintiff first cites to paragraph one of the Introduction to Enclosure (2), which states that "Article 1129, U.S. Navy Regulations, requires that records be maintained on naval personnel · which reflect their fitness for the service and performance of duties." This indicates that an officer's performance of duties, including the "stellar achievements" and "demonstrated leadership ability" mentioned in Captain Wood's letter, should be considered in rating an officer. *See* Admin. File at 18.

The fitness reports prepared by Captain Wood, however, clearly indicate that he *did* take these factors into account. The "Comments on Performance" section of both reports describe a litany of achievements that Captain Wood clearly considered "stellar" and demonstrative of the plaintiff's leadership ability. *See* Admin. File at 14–17. Captain Wood rated the plaintiff a "5.0," and acknowledged that the plaintiff "Greatly Exceeds Standards" in seven of twelve rated performance traits, and gave the plaintiff a score of "4.0," stating that the plaintiff was ".Above Standards" in the remaining five rated performance traits. These facts further indicate that Captain Wood found the plaintiff's performance to be excellent. *See id.* The plaintiff's recommendation for promotion was "promotable" on the first report, and "must promote" on the second. *See id.* Drawing all justifiable inferences in the nonmoving party's favor, as this court must in a motion for summary judgment, the court concludes that Captain Wood did not fail to take the plaintiff's performance into account when preparing his fitness reports and thereby did not violate the applicable regulation. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

Moving on, the cited paragraph does not mention whether or not the Navy may consider an officer's lack of experience and "juniority"[1] as a component of that officer's "fitness for the service and performance of duties." Conceivably, an officer's lack of experience can have a great impact on his performance of duty and on his fitness for continued service in the Navy. It is also within reason that an officer's "stellar achievements and demonstrated leadership ability" are additional factors that can impact a senior officer's overall evaluation of his subordinate's perfor-

---

1. This court interprets "juniority" to be a reference to the officer's lack of seniority, relative to the other officers which Captain Wood evaluated.

mance of duty. Captain Wood's letter explains that he took both of these factors into account, but that if he had only focused on the positive factors of the plaintiff's performance, he would have ranked him "significantly higher." *See* Admin. File at 18. The paragraph cited by the plaintiff does not require a rating officer to take into account only those factors that reflect favorably on the rated officer. To wit, any evaluation philosophy that did so would seem unreasonable on its face. Without an explicit exclusion of lack of experience and "juniority" as permissible factors in determining an officer's "fitness for the service and performance of duties," this court cannot find the BCNR decision contrary to law. *See Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (holding that an agency's interpretation of its own regulations is controlling unless "plainly erroneous or inconsistent with the regulation[ ]").

The remaining passages cited by the plaintiff serve his argument no better. The plaintiff cites paragraphs 1–2, 5, 9, 10b, and 11 of Enclosure (1), and pages A–8, A–10, and A–12 of Enclosure 2. *See* Pl.'s Cross–Mot. For Summ. J. at 5. While these pages and paragraphs mention the role of performance in preparing an officer's fitness report, they do not discuss how relative inexperience and "juniority" should be taken into account when judging this performance. As stated directly above, common sense dictates that an officer is *required* to consider every aspect of a rated officer's performance, both positive and negative, when preparing an officer's fitness report. Without an explicit prohibition on the consideration of lack of experience and "juniority," this court draws the same conclusion as noted earlier, that the BCNR decision is not contrary to law. *See Auer,* 519 U.S. at 461, 117 S.Ct. 905.

The issue remaining is whether the BCNR decision was arbitrary, capricious, or an abuse of discretion. *See* 5 U.S.C. § 706(2)(A). While the plaintiff states that this is the case, he fails to provide support for this portion of his argument. *See* Pl's Cross–Mot. for Summ. J. at 4. Although the plaintiff argues that Captain Wood's evaluations were arbitrary, the court is not reviewing Captain Wood's performance. *See id.* at 7. This court must limit its review to the BCNR decision. *See generally Frizelle v. Slater,* 111 F.3d 172, 176–77 (D.C.Cir.1997) (limiting court review to the agency's decision and not the underlying disputed personnel reports). Prior to making its decision, BCNR solicited opinions from Head of the Performance Evaluation Branch of the Navy Personnel Command and the Director, Officer Promotions, Appointments and Enlisted Advancements Branch of the Navy Personnel Command, both of whom found no fault with the fitness reports in question. *See* Admin. File at 19–21. This solicitation of opinions demonstrates that BCNR considered relevant factors in arriving at its decision and the court cannot discern a clear error in BCNR's application of Navy regulations, as permissibly interpreted. Further, the plaintiff does not point to any procedural error by BCNR, nor does he list any previous BCNR decision which contradicts BCNR's decision in the present case. Without these, the court cannot justifiably conclude that BCNR's decision is arbitrary, capricious, or an abuse of discretion. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (reasoning that for a court to rule that an agency decision is arbitrary and capricious, the court must consider whether the decision was based on a "consideration of the relevant factors and whether there has been a clear error of judgment").

### 2. The Court Grants The Defendant's Motion for Summary Judgment

The court now turns to the defendant's motion for summary judgment. In deciding the defendant's motion, the court borrows much of the same analysis used in reaching its decision as to the plaintiff's motion above. To determine whether the plaintiff has advanced a case that will survive summary judgment, this court must draw all justifiable inferences in favor of the plaintiff. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, "the mere existence of a scintilla of evidence" in support of the plaintiff's case is insufficient to prevent the court from ruling in favor of the defendant. *See id.* at 252, 106 S.Ct. 2505.

Applying these principles to the case at bar, the plaintiff has not provided any evidence that would allow the court to draw a justifiable inference in his favor. *See id.* at 255, 106 S.Ct. 2505. This court may not infer that Captain Wood failed to take the plaintiff's stellar achievements and demonstrated leadership ability into account, when the evidence clearly indicates that he did, in fact, consider these factors. *See* Admin. File at 14–17 (reproducing the plaintiff's fitness reports).

Further, this court may not justifiably infer that BCNR's decision that Captain Wood could take the plaintiff's lack of experience into account is contrary to law, merely because the plaintiff has provided the court with regulations requiring Captain Wood to rate the plaintiff's performance. *See Auer*, 519 U.S. at 461, 117 S.Ct. 905. As discussed herein, an officer's lack of experience could directly impact his performance. Finally, as noted previously, the plaintiff has not provided the court with any facts that would allow it to find that the BCNR decision was arbitrary, capricious or an abuse of discretion. *See* 5 U.S.C. § 706(2)(A).

Therefore, because the plaintiff has not provided this court with any evidence from which it may justifiably infer the BCNR decision to be contrary to law, arbitrary, capricious, or an abuse of discretion, the court grants the defendant's motion for summary judgment. *See id.*

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment and denies the plaintiff's cross-motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued and executed this 29th day of October 2001.

## ORDER

GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued,

it is this 29th day of October 2001,

**ORDERED** that the defendant's motion for summary judgment is **GRANTED**; and it is

**FURTHER ORDERED** that the plaintiff's motion for summary judgment is **DENIED.**

**SO ORDERED.**