**GAINES, EMHOF, METZLER & KRINER, Plaintiff,**

v.

**Jay N. NISBERG, Defendant.**

No. 93–CV–651C.

United States District Court,
W.D. New York.

Feb. 24, 1994.

Mattar & D'Agostino (Krista Gottlieb, of counsel), Buffalo, NY, for plaintiff.

Falk & Siemer (Alvin M. Glick, of counsel), Buffalo, for defendant.

CURTIN, District Judge.

This is a copyright infringement case in which plaintiff Gaines, Emhof, Metzler & Kriner asserts that defendant Jay Nisberg misappropriated a publication that it describes as its "marketing guide." Defendant has moved to dismiss on grounds of improper venue and insufficiency of service of process, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(5). Item 4. In the alternative, he has moved that if the court declines to dismiss the complaint, venue be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Plaintiff has moved to compel further discovery, claiming that it cannot respond to defendant's motion until it has further information. Item 15.

## BACKGROUND

Plaintiff, a partnership whose members are certified public accountants, has its principal place of business in Buffalo, New York. Defendant, an industrial psychologist and management consultant, claims that his residence is in North Salem, New York, and that his only office and place of business is in Ridgefield, Connecticut. Item 4.[1]

Plaintiff asserts that it is the author and owner of a document entitled "Gaines, Emhof, Metzler & Kriner, CPA Firm of the 90's Marketing Guide" (the "Subject Work"), originally published in June 1991. Item 1, ¶ 2 and Ex. A. Plaintiff alleges that it is "copyrightable subject matter under … 17 U.S.C. §§ 1101 et seq." Item 1, ¶ 11.

On November 12, 1991, one of plaintiff's partners, James Metzler, spoke at a conference in New York City and distributed copies of the Subject Work. Defendant, who was also a conference participant, obtained a copy. Plaintiff alleges that defendant subsequently infringed on plaintiff's ownership of the Subject Work by publishing, presenting, and placing on the market a work entitled "CPA Firm of the 90's Marketing Guide." The latter is essentially identical to the Subject Work, except that all reference to plaintiff has been removed. Item 1, ¶¶ 22–23 and Ex. B. Plaintiff identifies one specific occasion on which it claims defendant distributed the "misappropriated work"—a conference held by the New Jersey Society of Certified Public Accountants in Somerset, New Jersey, on September 24, 1992.

On the basis of these allegations, plaintiff asserts a series of claims under Federal and New York State law seeking an accounting, declaratory and injunctive relief, statutory, compensatory and punitive damages, and attorneys' fees and costs.

Defendant has moved to dismiss, or in the alternative for transfer of venue to the Southern District of New York. Item 4. He argues that venue is inappropriate here because he lacks the necessary contacts with the district. *Id.*

## DISCUSSION

The complaint alleges that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400. Item 3, ¶ 6. 28 U.S.C. § 1400(a) governs venue with respect to plaintiff's claims arising under Federal copyright laws. It states:

Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works may be instituted in the district in which the defendant or his agent resides or may be found.

*Id.* Plaintiff maintains that "[t]he Courts consistently interpret the statute to mean that a defendant 'may be found' wherever he may constitutionally be served with process." Item 9, pp. 8–9 (citations omitted). It then argues that since defendant "may obviously be found in the State of New York and at least at times within the Western District of

---

1. *See* Item 4, Declaration of Jay N. Nisberg, dated September 28, 1993, ¶ 1. Plaintiffs have placed evidence in the record that on July 12, 1993, Mr. Nisberg testified in a civil action in the Superior Court of Connecticut, Judicial District of Danbury, that his residence was in Vermont, and he was conducting business out of North Salem, New York. Item 11, Gottlieb affidavit, ¶¶ 11–12 and Ex. C. He testified that prior to October 1992, he was living in Ridgefield, Connecticut. *Id.*

New York ... venue is at least at this stage and prior to further discovery, not only proper but necessary in this District." *Id.* at 9.

Defendant agrees that venue is proper under 28 U.S.C. § 1400(a) wherever he is amenable to personal jurisdiction, but argues that such a finding would require that he "be engaged, in the district of suit, in a pattern of 'systematic and continuous activity' necessary to make [him] 'present' there." Item 13, p. 3 (citations omitted). He insists that his contacts with this district are inadequate to support venue here under such a test.

■ The "may be found" clause of 28 U.S.C. § 1400(a) has not been interpreted by the Second Circuit, but was analyzed recently by the Seventh Circuit in *Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Company, Inc.*, 8 F.3d 441 (7th Cir.1993). The court held that:

> section 1400(a) requires district courts to consider a defendant's contacts with a particular judicial district in determining where that defendant may be found. A defendant's amenability to personal jurisdiction must relate to the judicial district in which the action was filed to place venue there under section 1400(a).

*Id.* at 445. Following the Seventh Circuit's holding, we must determine whether defendant's contacts with this district are sufficient to support a ruling that he "may be found" here.

■ Defendant maintains that he has no office, real or personal property, mailing address, assets, bank accounts, or telephone listing in this district, has not conducted any business relating to the subject matter of this litigation here, and has only one client, an accounting firm named Freed, Maxick, Sachs & Murphy, P.C. ("Freed"), located here. Item 13, p. 4 and Ex. 1, ¶¶ 2–9; Item 4, Declaration of Jay N. Nisberg, ¶¶ 1–3. He claims that his contacts with Freed are limited to 2–3 telephone conversations per year, and one meeting per year which has always taken place outside this district. Item 13, p. 4, Ex. 1, ¶ 5–9, and Ex. 2. None of his contacts with Freed have related to the subject matter of this action, and defendant has not distributed any copies of the document at issue to Freed. *Id.*

Plaintiff asserts—"upon information and belief"—that defendant has conducted and may still be conducting business in this district. Item 28, ¶¶ 25–26. It has identified only Freed as a customer of defendant. *Id.* However, it argues that further information pertaining to whether or not defendant is present in this district for purposes of venue is almost exclusively within defendant's knowledge and control, and so a determination on the issue of venue should await further discovery. Item 7, ¶¶ 19–34; Item 9, pp. 9–10.

At the same time as serving the summons and complaint in this action, plaintiff served defendant with its first set of interrogatories and demands for production of documents. In his responses, defendant objected to many of the requests that may have generated information pertinent to the issue of venue, generally on the grounds that the requests were overbroad, harassing, and/or not likely to lead to admissible evidence. *See* Item 7, ¶¶ 22–26 and Ex. B; Item 9, pp. 9–10.

Dissatisfied with defendant's responses, and in an attempt to obtain further information relating to defendant's venue motion, plaintiff served defendant with a second set of interrogatories, and a second demand for production of documents, on December 20, 1993. Defendant responded on January 19, 1994, but again plaintiff was disappointed, and so filed its motion to compel discovery. Item 15. Plaintiff sets out the alleged shortcomings in defendant's responses in its motion papers. *Id.* at ¶¶ 9–32.

Defendant maintains that the majority of plaintiff's discovery requests are "harassing, intrusive and designed to humiliate defendant and injure his business reputation," that he has responded to every request insofar as it relates to his contacts with this district, and that the requests are, for the most part, a "fishing expedition." Item 16, pp. 3–4.

I have examined the relevant interrogatories and document demands at issue, and agree with defendant that they are much broader than are necessary to establish defendant's contacts with this district for venue purposes. Many of the requests have no

relation to the venue question, but relate to the merits of plaintiff's claims. Defendant has provided information on such contacts as he admits to having with the district. I have no reason to believe that the information he has given is incomplete. Plaintiff has not made any assertion that defendant has contacts with the district that he has not admitted to.

Defendant also objects to plaintiff's motion to compel on the grounds that it was filed in bad faith, because plaintiff never attempted to communicate to defendant that it deemed defendant's responses to its discovery requests inadequate, nor did it make any good faith effort to resolve the discovery problems before moving to compel. Item 16, pp. 2–3. Plaintiff has failed to file a certificate of good faith pursuant to Fed.R.Civ.P. 37, or an affidavit pursuant to Local Rule 16, concerning its efforts to resolve the discovery dispute. *Id.* This may not be particularly important. However, it does strengthen defendant's argument that the court should not require defendant to submit to further discovery before ruling on venue.

Plaintiff's case for maintaining venue in this district under 28 U.S.C. § 1400(a) is very weak. Allegations in a complaint may be sufficient to establish *prima facie* that venue is proper, but when venue is challenged the burden is on the plaintiff to present sufficient facts to support the allegations. *See Banque de la Mediterranee–France, S.A. v. Thergen, Inc.,* 780 F.Supp. 92, 94 (D.R.I.1992). Here, defendant has averred that his only contacts with the district are with Freed, that those contacts are infrequent and almost exclusively via telephone, and that they are unrelated to the subject of this litigation. Plaintiff has not identified, and there is no reason to believe that discovery would reveal, any other contacts. Plaintiff has not met its burden of presenting sufficient facts to support venue here under 28 U.S.C. § 1400(a).

█ Plaintiff asserts that venue in this district is also proper under 28 U.S.C. § 1391(b), which states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff argues that venue is appropriate in this district under 28 U.S.C. § 1391(b)(2) because the Subject Work was created here, and "such creation is obviously a 'substantial part' of the underlying action" for copyright infringement and misappropriation. Item 9, p. 8. Defendant responds that:

[T]he events giving rise to the claim (i.e., defendant's access and alleged infringement of the subject work) occurred in New York City and New Jersey, hundreds of miles away from this District. The fact that the subject work was created in Buffalo is irrelevant and an erroneous interpretation of the "giving rise" clause of § 1391(b)(2).

Item 13, p. 5.

The phrase "events or omissions giving rise to the claim" in 28 U.S.C. § 1391(b)(2) suggests a focus on the actions of the defendant, not on those of the plaintiff. For this reason, plaintiff's reliance upon this section fails.

Defendant has moved that, in the event that the court declines to dismiss the complaint, venue be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Item 4. He maintains that the Southern District would be a proper venue because it is the judicial district in which he resides and in which a substantial portion of the relevant events occurred. *Id.*

Plaintiff claims that it would find a transfer of venue burdensome and prejudicial, *see* Item 7, ¶ 36, but does not explain why. It agrees that if the case is to be transferred it should be to the Southern District of New York. Item 9, p. 7.

## CONCLUSION

Plaintiff's motion to compel further discovery prior to determination of defendant's venue motion is denied. There are good grounds for transferring the case to the Southern District of New York under 28 U.S.C. § 1406(a). Defendant's motion for transfer of this case to the Southern District is therefore granted. The Clerk shall delay transfer for 10 days after the filing of this Order unless plaintiff agrees to an earlier date.

So ordered.