**Larry McDANIEL and Terrell Gray, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**IBP, INC., Smithfield Foods, Inc., and Smithfield Packing Company, Inc., Defendants.**

No. Civ.A. 99–A–1527–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 21, 2000.

Herman Watson, Jr., Tara L. Helms, Watson, Jimmerson, Givhan & Martin, PC, Huntsville, AL, Michael Straus, Bainbridge & Straus, Birmingham, AL, Joe R. Whatley, Jr., Whatley Drake, L.L.C., Birmingham, AL, Dennis Stewart, Michael J. Flannery, Susan G. Taylor, Milberg, Weiss, Bershad, Hynes & Lerqch, LLP, San Diego, CA, for Larry McDaniel, Terrell Gray.

Richard H. Gill, George W. Walker, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, for IBP, Inc.

James A. Byram, Jr., Balch & Bingham, Montgomery, AL, Thomas G. Slater, Jr., R. Hewitt Pate, John S. Martin, Wendell L. Taylor, Robert R. Merhige, Jr., Hunton & Williams, Richmond, VA, T. Thomas Cottingham, III, Hunton & Williams, Charlotte, NC, for Smithfield Foods, Inc., Smithfield Packing Company, Inc.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on a Motion to Dismiss for Improper Venue, or in the Alternative, Transfer Venue, filed by Smithfield Packing Company, Inc. on February 10, 2000 (Doc. # 14), and on a Motion to Dismiss Upon the Grounds of Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer, filed by IBP, Inc. on February 15, 2000 (Doc. # 19).

On December 28, 1999, Larry McDaniel and Terrell Gray ("the Plaintiffs") filed their Complaint in this case against IBP, Inc. and Smithfield Packing Company, Inc. (hereinafter referred to for purpose of these motions as "the Defendants"), and Smithfield Foods, Inc. The Plaintiffs allege that IBP, Inc., Smithfield Packing Company, Inc., and Smithfield Foods, Inc. violated the Packers and Stockyards Act ("P & S Act"), 7 U.S.C. § 181 et seq. by manipulating hog prices, and they seek certification of this case as a nation-wide class action.

## II. FACTS

The Plaintiffs are pork producers who are residents of the State of Alabama. IBP, Inc. ("IBP") is a Delaware Corporation which is engaged in the business of pork production, with headquarters in Dakota Dunes, South Dakota,. Smithfield Foods, Inc. ("Smithfield Foods") is a Delaware Corporation which is also engaged in the business of pork production, with headquarters in Smithfield, Virginia. Smithfield Packing Company, Inc. ("Smithfield Packing") is a wholly owned subsidiary of Smithfield Foods.

Plaintiff McDaniel allegedly sold 800 hogs to IBP in 1997, and over 700 hogs to Smithfield Foods.[1] McDaniel negotiated the sales of the hogs to Smithfield Foods over the telephone and delivered the hogs to a buying station in Georgia. Plaintiff Gray has also done business Smithfield Foods by telephone from his farm in Alabama with, and transports his hogs to the buying station in Georgia.

According to the Plaintiffs, as a result of practices which they contend violate the P & S Act, cash markets for hogs have been destroyed, competition among packers has been dramatically reduced or eliminated, price coordination among packers has been effectuated, and prices paid for hogs have been depressed. Plaintiffs' Complaint at ¶ 36. The Defendants contest that this court is the proper venue for litigating the Plaintiffs' claims.

## III. STANDARD FOR DISMISSAL OR TRANSFER ON THE BASIS OF IMPROPER VENUE

Under 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## IV. DISCUSSION

■ Smithfield Packing and IBP have argued that this court should dismiss the

---

1. In support of a Motion to Dismiss for lack of personal jurisdiction, Smithfield Foods provides evidence that the hogs were actually sold to Smithfield Packing. See Pesesky Declaration. For purposes of this Memorandum Opinion and Order on the issue of venue, the court is referring to the entities in the manner in which the Plaintiffs have referred to them and is not making a finding as to the Smithfield entity with whom the Plaintiffs dealt.

instant case for improper venue or, in the alternative, should transfer this case to the United States District Court for the Eastern District of Virginia.

In the Complaint, the Plaintiffs state that "Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C.A. § 1391 because the unlawful practices alleged herein were committed, in part, within this district." Complaint at ¶ 4. In response to the Defendants' arguments that this pleading is deficient the Plaintiffs have stated that this case is being brought under the P & S Act, so a special venue provision of the P & S Act should apply.

According to the Plaintiffs, 7 U.S.C. § 209(b) of the P & S Act is a venue provision, and, under it, there is no question that venue in this case is proper in this court. Section 209(b) states

> Such liability may be enforced either (1) by complaint to the Secretary as provided in section 210 of this title, or (2) by suit in any district court of the United States of competent jurisdiction....

In interpreting a statute, a court must first look to the language of the statute itself. *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). Section 209(b) states that a person seeking enforcement of the P & S Act has a choice of remedies, either by complaint to the Secretary or by suit in federal court. What is not clear, however, is whether the statute is also intended to specify venue. The Plaintiffs apparently contend that "any district court of the United States of competent jurisdiction" means any United States district court in the country, irrespective of venue. The Plaintiffs do not, however, cite any interpretative case law treating 7 U.S.C. § 209(b) as a venue provision. The Defendants contend that § 209(b) is not a venue provision, but instead is only a statement of the private right of action which exists under the statute.

Upon reading the plain language of the statute, it is clear that while the term "any" is used, "any" is also qualified by the phrase "of competent jurisdiction." The

qualifying phrase "of competent jurisdiction" is not defined in the statute, however. Consequently, this court must look beyond the language of § 209(b) in determining whether § 209(b) is intended to be a venue statute.

There does not appear to be any reported interpretative case law addressing the argument that § 209(b) is a venue statute. There are, however, reported decisions which have determined that language which is similar to the language in § 209(b) is not language which is intended to define proper venue for an action.

Under the Fair Labor Standards Act ("FLSA"), an action to recover liability may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). This phrase has been interpreted to mean that "an action may be maintained in a court of general jurisdiction.... There seems to be no doubt that that language was not intended to broaden the scope of the ... venue provisions [in 28 U.S.C.A. § 1391]." *Mizrahi v. Pandora Frocks, Inc.,* 86 F.Supp. 958, 959 (E.D.N.Y.1949). The FLSA has also been read in this manner by other federal district courts. *See Bredberg v. Long,* 1983 WL 2142, No. 4–82–962 at *1 (D.Minn. Dec. 31, 1983) (stating that the FLSA contains no special venue provision); *Goldberg v. Wharf Constructers,* 209 F.Supp. 499, 501 (N.D.Ala.1962) (same).

Another court has determined that a separate federal statute which provides that an action to enforce liability may be brought in "any appropriate United States district court," does not contain a venue provision of its own. *See Gachette v. Tri–City Adjustment Bureau,* 519 F.Supp. 311 (N.D.Ga.1981). In a case interpreting a provision of the Federal Motor Carrier Act, a federal district court determined that a provision which it held was the equivalent of stating "any court of competent jurisdiction," still required application 28 U.S.C. § 1391 to determine venue. *See Davies v. Mahanes,* 88 F.Supp. 550 (D.Md. 1949). This case was affirmed in a deci-

sion by the Court of Appeals, in which the court found that the statute in question was concerned solely with service of process, not venue. *See Davies v. Mahanes,* 183 F.2d 671, 673 (4th Cir.1950). The court reasoned that it could not conclude that Congress intended to interfere in a diversity case with "the orderly settlement of controversies" arising out of intrastate operations by "giving the plaintiffs a wide choice of forums in utter disregard of both the convenience of the parties and the policy of the State. . . ." *Id.* In addition, at least one federal court has determined that a statutory requirement that a court be one of " 'competent jurisdiction' can reasonably be read as a recognition of generally applicable venue requirements." *Pickus v. United States Board of Parole,* 507 F.2d 1107, 1110 n. 5 (C.A.D.C.1974).

Taken together, these cases indicate that reference to "courts of competent jurisdiction" is not a statement of venue, but instead requires an independent determination of proper venue. The court finds these cases to be a persuasive interpretation of a reference to a court of "competent jurisdiction."

While the court finds persuasive the cases determining "any court of competent jurisdiction" or "any federal or state court of competent jurisdiction" are not statements of venue, the court recognizes that the language in the P & S Act is slightly different from the language interpreted in those cases. The P & S Act refers specifically to "any district court of the United States of competent jurisdiction." The court does not find that the difference in language is significant for purposes of deciding whether § 209(b) is a venue provision, however, because this language is not unique to the P & S Act.

Other federal statutes refer to any or a "district court of the United States of competent jurisdiction." *See* 47 U.S.C. § 207 ("Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages . . . in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies."); 47 U.S.C. § 274 ("any person claiming that any act or practice of any Bell operating company . . . constitutes a violation of this section may make application to the Commission for an order to cease and desist such violation or may make application in any district court of the United States of competent jurisdiction for an order . . . ."); 29 U.S.C. § 722(c)(5)(J)(i) (providing that action for review of final decision by a hearing officer or reviewing official under the Rehabilitation Act "may be brought in any State court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy."); 46 App.U.S.C. § 185 ("The vessel owner . . . may petition a district court of the United States of competent jurisdiction for limitation of liability").

Because different types of statutes have used the language employed by the P & S Act since the enactment of the P & S Act, the court cannot infer that Congress thought that the nature of the P & S Act was unique so that suit could be brought in a federal district court regardless of whether or not venue was proper in that court. The above-listed statutes, like the P & S Act, set out the nature of the remedies which are available for violation of the act. *See* Richard Wiley, R. Senkowski, and J. Linder, "Communications Litigation Involving Entities Subject to the FCC's Jurisdiction," 4 *Bus. & Com.Litig.Fed.Cts.* § 62.4 (1998) (identifying 47 U.S.C. § 207 as providing a choice of forum between the FCC or district courts). They do not, however, speak to the propriety of venue.

In addition, although the court is not aware of any reported decisions interpreting the language of these statutes within the context of a venue argument, the court has found one case in which language al-

lowing for suit to be brought "in any district court of the United States of competent jurisdiction" was found to create a right of action in the plaintiffs, and in which the court separately determined that venue was proper under 28 U.S.C. § 1391(a, c). *See Moore v. Atlantic Coast Line R. Co.*, 98 F.Supp. 375 (E.D.Pa.1951). This case lends support, although indirectly, to the idea that venue must be evaluated separately even when a statute identifies the district courts of the United States as an appropriate forum.

Because the plain meaning of the statute does not answer the question of whether § 209(b) is a venue statute, the court finds, relying on case law which has interpreted similar language, and on this court's own determination of the most reasonable interpretation, that § 209(b), which sets forth available remedies and does not specifically identify venue requirements, is not a venue provision, but merely gives plaintiffs the option of enforcing liability either through the Secretary or through the courts. Accordingly, venue is not proper in this court merely because the Plaintiffs have made use of the private right of action provision contained in § 209(b) of the P & S Act.

In the absence of a specific statement in the P & S Act as to the venue in which actions should be brought, the court will look to 28 U.S.C. § 1391(b)(2), as pleaded in the Plaintiffs' Complaint, to determine whether venue is proper here. The Defendants have stated that the Plaintiffs' Complaint is facially insufficient to establish venue because, rather than plead that a "substantial part" of the events giving rise to their claims occurred in this forum, as is provided in the statute, *see* 28 U.S.C. § 1391(b)(2), the Plaintiffs have pleaded that the events in question occurred "in part" in Alabama. .

■ In response, the Plaintiffs state that there is an inconsistency in IBP's position before this court since IBP conceded the propriety of venue in another suit under the P & S Act which is currently pending in this court. This court, however, agrees with IBP's argument that propriety of venue cannot be established merely because IBP consented to venue in another case bringing different claims under other facts. *Cf. Bowers v. NETI Technologies, Inc.*, 690 F.Supp. 349, 356 (E.D.Pa.1988) (just because a court has acquired jurisdiction over a defendant in one case does not mean that the court has jurisdiction in a separate case).

■ The Plaintiffs also argue that the omission of the word "substantial" in their Complaint should not be fatal because their reference to events taking place in this district is fairly read throughout the entire pleading as meaning "substantial." The Defendants respond that, beyond the failure to allege in the Complaint that a "substantial" part of the events occurred in this forum, the Plaintiffs have failed to provide facts which would support an allegation that a substantial part of the events which give rise to the Plaintiffs' claims occurred here.

In their brief, the Plaintiffs have identified the allegations of the Complaint which they say form the bases of their claims, and have identified the conduct which they contend occurred in Alabama. As to the conduct which occurred in Alabama, they state that Plaintiff McDaniel sold 800 hogs to IBP in 1997, and over 700 hogs to Smithfield Foods[2] in 1999. They state that in selling hogs to Smithfield Foods, McDaniel negotiated and sold hogs through telephone conversations taking place at his farm in Enterprise, Alabama. They admit that McDaniel transported his hogs to Smithfield Foods' buying station in Georgia. They further state that IBP picked up hogs from McDaniel's farm. The Plaintiffs also state that Plaintiff Gray

---

**2.** As earlier indicated, the Defendants object to the Plaintiffs' reference to Smithfield Foods, rather than Smithfield Packing. The court is merely restating for purposes of the venue arguments the Plaintiffs' identification of the parties with whom they dealt, without finding as a fact that the Plaintiffs dealt with a particular entity.

has done business with Smithfield Foods by telephone from his farm in Alabama, although not with IBP, and that he transports his hogs to the Smithfield Foods buying station in Georgia.

The allegations relevant to the claims brought by the Plaintiffs are separately outlined as the "type of behavior that Plaintiffs allege to be actionable under the P & S Act." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss Regarding Venue and Personal Jurisdiction, page 4. The Plaintiffs identify this behavior as being by Smithfield Foods[3] and state that Smithfield Foods has violated the P & S Act by (1) acquiring or increasing its interest in several hog growers, (2) since 1994, purchasing numerous meat packing and processing plants, (3) having long-term contracts for supplying hogs to subsidiary Smithfield Packing with Prestage Farms and Maxwell Foods and supply contracts with Carroll's Foods of Virginia, Inc., Carroll's Foods, Inc. and Murphy's Family Farms. *Id.* In the Complaint, the Plaintiffs state that "[b]y engaging in various types of contracting arrangements and direct ownership of hog production, the packers are taking higher and higher percentages (estimated at 70% or higher) of hogs out of the cash market, thereby 'capturing' this supply." Complaint at ¶ 2. The Plaintiffs also allege that the defendants have a "strategy of captive supply" which "is designed to eliminate cash markets." *Id.* at ¶ 26.

IBP argues that the Plaintiffs must have conceded that they cannot meet 28 U.S.C. § 1391(b)(2), since they departed from the basis of venue as was alleged in the Complaint, and argued in brief that venue was proper under § 209 of the P & S Act. According to IBP, the 800 hogs McDaniel sold to IBP are only .00086% of the 92 million hogs which were slaughtered nationwide in 1997. IBP also argues that while the Plaintiffs have pointed to a few phone calls from a buyer for IBP to Plain-

tiff McDaniel, the alleged violations of the P & S Act are various types of contracting agreements and direct ownership of hog production. IBP maintains that the Plaintiffs are seeking to impose liability on it for actions that took place completely outside of Alabama and did not involve McDaniel at all. Smithfield Packing also argues that the Plaintiffs have pointed to a nationwide pattern of conduct which did not occur in Alabama and that, in fact, the events which occurred between the named Plaintiffs and the Defendants occurred at a buying station in Georgia.

Under the statute, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(2). Courts applying this statute look first at what events give rise to the claim. *See United States v. Hartbrodt,* 773 F.Supp. 1240, 1242 (S.D.Iowa 1991). Section 1391(b)(2) has been interpreted as requiring a court to focus on the actions of the defendant, not of the plaintiff. *Gaines, Emhof, Metzler & Kriner v. Nisberg,* 843 F.Supp. 851 (W.D.N.Y.1994). The Third Circuit has also determined that events or omissions that might have some tangential connection with the dispute in litigation are not enough. *See Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291 (3rd Cir.1994).

In this case, the Plaintiffs have relied on telephone negotiations of sales of hogs with a Smithfield entity, and telephone negotiations and delivery of hogs to IBP, which occurred in Alabama, to establish that venue is proper here. For those events to be the basis for venue in this court, however, they must be events giving rise to the claims in this case. *See* 28 U.S.C. § 1391(b)(2).

The Plaintiffs have argued, in opposition to dismissal or transfer for lack of personal jurisdiction, that depressed hog prices are at the heart of their Complaint. The

---

**3.** The Plaintiffs do not appear to challenge any particular contracts or acquisitions by

IBP in their Complaint.

Plaintiffs state that the negotiation of agreements, solicitation of business, and transportation of hogs are actions that "clearly relate to Plaintiffs' allegations that competitive cash markets for hogs are being destroyed." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss Regarding Venue and Personal Jurisdiction, page 33.

The claims at issue in this case are not breach of contract claims based on the sales of hogs by the Plaintiffs. The claims are instead that the Defendants have acquired hog producers and have engaged in long-term contracts, what the Plaintiffs call "captive supply," which has resulted in depressed prices and in farmers being driven out of business. Under the Plaintiffs' theory, the sales of hogs by the Plaintiffs in Alabama are not "captive supply," but are instead, perhaps, the result of actions which the Plaintiffs call "captive supply." In the Plaintiffs' words, the sales "relate" to the "captive supply" allegations. The sales themselves are not the basis of the claims that the Defendants have engaged in "captive supply." That the Plaintiffs may have suffered losses in Alabama is not sufficient to establish venue under the Plaintiffs' theory of the case. *See Payne v. Marketing Showcase, Inc.*, 602 F.Supp. 656 (N.D.Ill.1985). The court finds, therefore, that the conduct which the Plaintiffs have identified as occurring in Alabama is not a substantial part of the events giving rise to the claims. *Cf. Gwynn v. Transcor America, Inc.*, 26 F.Supp.2d 1256 (D.Colo.1998) (presenting the opposite situation in which the events occurring in the forum state were held to be sufficient because they themselves could support the claims without the events which occurred outside of the forum state).

█ Because these actions occurring in Alabama do not give rise to the Plaintiffs' claims, the court must now determine if a substantial part of the acts which do give rise to the Plaintiffs' claims occurred in Alabama. The Plaintiffs' theory, as expressed in the Complaint and their brief,

hinges on contract arrangements between packers and producers and acquisitions of hog producers which the Plaintiffs have called a "strategy" of "captive supply." There is no evidence that such contracts were entered into in Alabama, or that any hog producers were acquired in Alabama during the relevant period. On the contrary, Smithfield Packing provides declarations stating that, during the time covered by the Complaint, 1994 to the present, Smithfield Packing did not acquire any hog growers in Alabama or enter into any supply contracts with hog growers in Alabama. *See* Declaration of Larry Pope. IBP also provides a statement that no purchase of hogs from Alabama producers involved written contracts. *See* Affidavit of Gary Machan.

In addition to the acquisition of hog producers and the entering into of long-term contracts, since the Plaintiffs have alleged that the Defendants had a strategy to force down prices, the decision-making processes in devising and implementing that strategy can also be events giving rise to the claims in this case. This court has previously determined, in another case, in analyzing a transfer of venue under § 1404(a), that since the plaintiffs were challenging a uniform, nationwide pattern of fraud, and the fraud, if any, was devised in the state other than Alabama in which the insurance company had its home office, many of the operative facts occurred outside of the State of Alabama. *See Gould v. National Life Ins. Co.*, 990 F.Supp. 1354, 1359 (M.D.Ala.1998); *see also Vanguard Municipal Bond Fund, Inc. v. Thomson Publishing Corp.*, 974 F.Supp. 1159 (N.D.Ill.1997) ("The conduct and events giving rise to this action occurred where ... the decisions were made regarding the pricing of the bonds that Vanguard alleges resulted in a breach of contract...."). The Second Circuit has similarly concluded, in affirming a dismissal for improper venue, that even though a corporation acted in some respects in the forum state, where the events complained of in the complaint were the authorization of im-

proper transactions and mismanagement, among other actions, venue was proper where the corporate assets, offices, books, and records were located. *See Friedman v. Revenue Management of New York, Inc.,* 38 F.3d 668 (2nd Cir.1994).

In this case, there is no evidence that strategic decisions to enter into contracts or to acquire hog producers occurred in Alabama. Instead, evidence relied on by the Plaintiffs and Defendants states that documents including materials relating to the evaluation of an acquired company and strategic planning documents are located in Smithfield, Virginia. *See* Declaration C. Larry Pope at ¶ 13. The court concludes, therefore, under the precedent discussed, that the substantial events leading to the "strategy" upon which the Plaintiffs are basing their claims occurred in a state other than Alabama.

In light of the fact that the Plaintiffs' limited transactions with IBP and the Smithfield entities in Alabama are not the events which form the basis of the Plaintiffs' "captive supply" theory, and in light of the fact that there is no evidence, or even allegation, that the contracts, acquisitions, and strategic decision-making which do give rise to the Plaintiffs' claims occurred in Alabama, this court concludes that a substantial part of the events giving rise to the claims in this case did not occur in Alabama.[4] Accordingly, venue is not proper in this court under 28 U.S.C. § 1391(b)(2).

As has been discussed above, the court interprets 7 U.S.C. § 209 to be a statement of applicable remedies, not a venue statement. The court also finds that, under 28 U.S.C. § 1391(b)(2), a substantial part of the conduct which forms the basis of the Plaintiffs' claims in this case did not

occur in this state. Therefore, this court is the wrong venue for this case.

Under 28 U.S.C. § 1406, the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As an alternative to dismissal, the Defendants have asked for transfer of this case to the Eastern District of Virginia, a district which encompasses the principal place of business of Smithfield Foods and Smithfield Packing. Counsel for IBP, an officer of the court, has represented in a pleading that if the case is transferred to the United States District Court for the Eastern District of Virginia, IBP will consent to both venue and personal jurisdiction there. *See* Memorandum in Support of IBP's Motion to Dismiss on the Grounds of Lack of Personal Jurisdiction and Improper Venue Or, in the Alternative, to Transfer, page 12 n. 3.

This court finds that rather than dismiss this case, in the interests of justice, the court will enter an Order transferring the case to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 1406(a). The court recognizes, however, that in their arguments opposing transfer, the Plaintiffs have taken the position that transfer of the case to the Eastern District of Virginia will be prejudicial to them. If the Plaintiffs notify this court in writing that they would rather have the case dismissed, so that they can refile in another district court which has venue and jurisdiction, this court will dismiss this case, rather than transfer it to the court in which the Defendants have

4. This court's conclusion regarding venue is not altered by the fact that it declined to transfer venue in the *Pickett* case, also brought under the P & S Act. In that case, propriety of venue in this court was conceded. *See Pickett v. Iowa Beef Processors, Inc.,* CV–96–A–1103–N, Slip Op. at page 4 (M.D.Ala. March 13, 1997). Furthermore, in evaluating the factors relevant to a transfer of venue in the interests of justice, this court concluded that the Plaintiffs' choice of venue was entitled to diminished weight because "the operative facts giving rise to the present lawsuit occurred almost exclusively outside of Alabama." *Id.* at page 9.

agreed that venue and jurisdiction are proper.

## V. *CONCLUSION*

For the reasons discussed, the court concludes that venue is not proper in this court. Accordingly, it is hereby OR-DERED as follows:

1. Smithfield Packing's Motion to Dismiss for Improper Venue, or in the Alternative Transfer Venue (Doc. # 14) is GRANTED, and IBP's Motion to Dismiss Upon the Grounds of Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer (Doc. # 19) is GRANTED as to the ground of improper venue.

2. This court will enter an Order transferring this case to the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1406(a) on **March 28, 2000,** unless the court receives written notice from the Plaintiffs before that date that the Plaintiffs would prefer to have the case dismissed under 28 U.S.C. § 1406(a).

3. Smithfield Foods' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 12) is DENIED as moot, and IBP's Motion to Dismiss or in the Alternative to Transfer (Doc. # 19) is DENIED as moot, as to the ground for dismissal based on lack of personal jurisdiction.

4. The Clerk is Directed to serve the parties with this Memorandum Opinion and Order by facsimile.