**Bill ROGERS, Plaintiff,**

v.

**CIVIL AIR PATROL and F. Whitten
Peters, as Secretary of the Air
Force, Defendants.**

No. CIV. A. 00–A–1529–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 1, 2001.

Joseph (Jay) Brady Lewis, Law Offices of Jay Lewis, Montgomery, AL, for Bill Rogers, plaintiffs.

Sally B. Waudby, Lehr, Middlebrooks, Price & Proctor, P.C., Birmingham, AL, Jonathan M. Stern, Schnader Harrison Segal & Lewis LLP, Washington, DC, Matthew Birk, Philadelphia, PA, Kenneth E. Vines, Redding Pitt, U.S. Attorney, U.S. Attorney's Office, Montgomery, AL, David W. Ogden, U.S. Department of Justice, Torts Branch, Civil Division, Vincent M. Garvey, Department of Justice, F. Whitten Peters, [Pro se], Secretary of the Air Force, Craig M. Blackwell, U.S. Department of Justice, Washington, DC, Major Taylor, Air Force General Litigation Division, Rossyln, VA, for Civil Air Patrol, F. Whitten Peters, in his official capacity as Secretary of the Air Force, defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on Defendant Civil Air Patrol's Motion to Dismiss or, in the Alternative, for Transfer (doc. # 7), filed on December 4, 2000, and Defendant F. Whitten Peters' Motion to Dismiss (doc. # 18), filed on January 8, 2001. Both motions raise the issue of improper venue. Plaintiff Bill Rogers ("Plaintiff") has also filed a Motion for Leave to Submit Out–of–Time Response (doc. # 22) which is due to be granted.

On November 3, 2000, Plaintiff filed his Complaint in this case against Civil Air Patrol ("CAP") and F. Whitten Peters, the Secretary of the United States Air Force ("Secretary"), in his official capacity (collectively, "the Defendants"). Plaintiff alleges that H.R. 4205, the "Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001," is unconstitutional because it violates the Appointments Clause of Article II, § 2 of the United States Constitution and the Separation of Powers Doctrine. Plaintiff seeks injunctive and declaratory relief.

This court has determined that the issue of venue should be resolved before any other matters raised in Defendants' motions are considered.

## II. *FACTS*

Plaintiff, a citizen of the State of Virginia, has been a member of CAP since 1987. He is presently a Lieutenant Colonel within that organization. CAP is a volunteer civilian auxiliary of the U.S. Air Force. *See* 10 U.S.C. § 9441(a). It is also a private, federally chartered corporation. 36 U.S.C. § 40301. "The statutory purposes of CAP are to provide an organization to encourage U.S. citizens to contribute to the development of aviation and to maintain the Country's air supremacy; encourage contributions by private citizens to the public welfare; provide aviation education and training; encourage and foster civil aviation in local communities; and provide an organization of private citizens to assist in meeting local and national emergencies." CAP's Br. at 4–5; *see also* 36 U.S.C. § 40302.

On or about October 30, 2000, President Clinton signed into law the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 ("Authorization Act"). The Authorization Act, in part, provides for the formation of an eleven-member Board of Governors ("BOG") to be the governing body of CAP. The Authorization Act sets forth the following scheme for selecting members of the BOG: (1) four members are to be appointed by the Secretary; (2) four members are to be selected from the membership of CAP in accordance with the constitution and bylaws of CAP; (3) and three members are to be selected from other agencies, public corporations, nonprofit associations, and other organizations that have an interest in civil aviation and the missions of CAP. The three outside members are to be jointly selected by the Secretary and the National Commander of CAP. The National Commander of CAP has veto power over the three outside appointments.

The Authorization Act provides for no oversight by the Secretary over the selection of the CAP members of the BOG. It is the delegation of authority to CAP with regard to these seats on the BOG, without Air Force oversight, which Plaintiff argues violates the Constitution. The Defendants, *inter alia,* contest that this court is the proper venue for litigating the Plaintiff's claims.

## III. *STANDARD FOR DISMISSAL OR TRANSFER ON THE BASIS OF IMPROPER VENUE*

■ Under 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought ." 28 U.S.C. § 1406(a). Where a venue objection is raised by the defendant(s), the plaintiff bears the burden of establishing the propriety of venue. *See, e.g. Delta Air Lines, Inc. v. Western Conference of Teamsters,* 722 F.Supp. 725, 727 (N.D.Ga.1989).

## IV. *DISCUSSION*

CAP argues that this court should dismiss the instant case for improper venue or, in the alternative, should transfer this case to the United States District Court for either the Eastern District of Virginia or the District of Columbia. The Secretary joins in CAP's venue objection. Together, the Defendants insist that this judicial district is not a permissible venue under 28 U.S.C. § 1391(e). It is Plaintiff's contention that venue is appropriate in the Middle District of Alabama under either § 1391(e)(1) or (2) as to both defendants.

■ As an initial matter, all parties appear to agree that, for purposes of determining venue, Plaintiff is a resident of the State of Virginia, and the Secretary is a resident of both the Eastern District of Virginia and the District of Columbia. *See Smith v. Dalton,* 927 F.Supp. 1, 5–6 (D.D.C.1996) (holding that the Secretary of the Navy could be sued in his official capacity in either the Eastern District of Virginia, where the Pentagon is located, or the District of Columbia); *Bartman v. Cheney,* 827 F.Supp. 1, 2 (D.D.C.1993) (holding the same for the Secretary of

Defense). CAP argues that it is a "national citizen" for venue purposes. This argument is flawed, however. The concept of national citizenship relates not to venue, but to the issue of diversity jurisdiction. *See Petrousky v. Civil Air Patrol,* No. 97–CV–1708, 1998 WL 213726, *2 (N.D.N.Y. April 10, 1998) (where a federally chartered corporation does business in several states, it has national citizenship for diversity purposes). Section 1391(c) governs venue in cases involving defendant corporations. It states:

> For purpose of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced ...

28 U.S.C. § 1391(c).

CAP is headquartered in Montgomery, Alabama. Hence, venue is clearly appropriate as to CAP in this judicial district.[1] The question raised by the Defendants, however, is whether venue is proper in the Middle District of Alabama in this case which is brought against *both* CAP and the Secretary. The court now turns to that question.

### Suits Against Federal Officers or Agencies

In civil actions against federal officers and employees in their official capacities, and federal agencies, 28 U.S.C. § 1391(e) governs venue. It provides in relevant part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omis-

sions giving rise to the claim occurred ... or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies where not a party.

28 U.S.C. § 1391(e).

Plaintiff claims that venue is proper in this judicial district under clauses (1) and (2) of section 1391(e).

■ The court first notes that Plaintiff's reliance on section 1391(e) to justify venue over CAP, a non-federal defendant, is misplaced. *See Lamont v. Haig,* 590 F.2d 1124 (D.C.Cir.1978). In *Lamont,* plaintiffs brought suit against present and past employees of the federal government for alleged violations of federal law relating to the use of United States Army and Air Force personnel at Wounded Knee, South Dakota. *Lamont,* 590 F.2d at 1125–26. The United States Court of Appeals for the District of Columbia held that section 1391(e) conferred venue only with respect to employees of the federal government acting in their official capacities at the time the suit was commenced. *Id.* at 1126. As for the past employees of the federal government, the non-federal defendants, the court found that section 1391(e) could not logically provide venue over them. The court stated, "... [f]or ... [joined non-federal defendants] ... it is necessary to satisfy 'such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.'" *Id.* at 1128. The *Lamont* decision stands for the uncontroversial proposition that a Plaintiff cannot rely on 28 U.S.C. § 1391(e) to provide venue over a non-federal defendant. As section 1391 clearly states, "Additional

---

**1.** Given the national nature of this private organization, venue would be proper as to CAP in many, if not all, federal districts. CAP admits as much in making its "national citi-zen" argument. CAP specifically acknowledges that it is a resident of both the Middle District of Alabama and the Eastern District of Virginia for venue purposes.

persons may be joined as parties to any such action in accordance with ... such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party." 28 U.S.C. § 1391(e). Before considering whether venue might be proper as to CAP under the general venue provision for cases involving federal question jurisdiction, see 28 U.S.C. § 1391(b), it is necessary to consider whether this judicial district can serve as a proper venue for the Secretary under § 1391(e).

### A. 28 U.S.C. § 1391(e)(1)

■ Section 1391(e)(1) provides that venue is proper as to a federal officer or agency defendant in any district in which "a defendant in the action resides." *Id.* Because venue is proper as to CAP in this judicial district, Plaintiff contends that venue is also proper here as to the Secretary under section 1391(e)(1). Defendants respond that "a defendant" refers not to any defendant, but to a federal officer or agency defendant. The authority on this subject is sparse. Indeed, this court has found only one decision which provides any guidance. *See National Ass'n of Life Underwriters v. Clarke,* 761 F.Supp. 1285 (W.D.Tex.1991).

The plaintiff in *Clarke* argued that the "a defendant in the action resides" language of section 1391 should be read to mean "that a suit against a federal official in his official capacity may be brought in any judicial district where any other defendant who happens to be a party resides." *Id.* at 1292. After looking at both the plain language of section 1391(e) and its legislative history, the *Clarke* court concluded that section 1391(e)(1) refers only to the residence of the federal official, not to any non-federal defendants who might be joined in the suit. In doing so, the *Clarke* court noted that the interpretation suggested by the plaintiff would "have the effect of subjecting a federal officer or agency to suit in districts to which it had no connection." *Id.* at 1293. "Such a result was clearly not intended by Congress. The statute itself appears to provide that

the venue determinations for federal and non-federal defendants are separate, even though they may be joined in the same suit." *Id.*

■ This court is persuaded by the logic of the *Clarke* opinion, and holds that the term "a defendant" in section 1391(e)(1) refers only to a federal officer or agency defendant in the case, and not to "any" defendant, including a non-federal one. Non-federal defendants are governed by the "additional persons" provision of the section. Though Plaintiff's argument is superficially appealing, it is clear from both the structure and legislative history of section 1391(e) that "a defendant" means a federal officer or agency defendant. *See Reuben H. Donnelley Corp. v. F.T.C.,* 580 F.2d 264, 266 (7th Cir.1978) ("Section 1391(e)(1) provides that venue is proper in any district in which 'a (federal) defendant in the action resides.'"); *see also* H. Rep. No. 94–1656, at 19 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5109, 6139–40 (noting that venue determinations for federal and non-federal defendants are separate, even where they are joined in the same action); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Jurisdiction 2d, § 3815, 164–65 (1986).

Given the facts of the instant case, the Middle District of Alabama is an improper venue as to the Secretary under section 1391(e)(1). Because the official residence of the Secretary is either in the District of Columbia or the Eastern District of Virginia, venue in the Middle District of Alabama may not be predicated on the first clause of section 1391(e).

### B. 28 U.S.C. § 1391(e)(2)

Venue is proper under section 1391(e)(2) where "a substantial part of the events or omissions giving rise to the claim occurred ..." *Id.* Courts applying this statute look first at what events give rise to the claim. *McDaniel v. IBP, Inc.,* 89 F.Supp.2d 1289, 1294 (M.D.Ala.2000); *United States v. Hartbrodt,* 773 F.Supp. 1240, 1242 (S.D.Iowa 1991). Section 1391(e)(2) has been interpreted as requiring a court to focus on the actions of the defendant, not

of the plaintiff. *Gaines, Emhof, Metzler & Kriner v. Nisberg*, 843 F.Supp. 851, 854 (W.D.N.Y.1994). The Third Circuit has also determined that events or omissions that might have some tangential connection with the dispute in litigation are not enough. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994).

Plaintiff claims that the Authorization Act will require performance in the Middle District of Alabama. Plaintiff also submits evidence indicating that the National Executive Committee of CAP met at CAP's National Headquarters in Montgomery, Alabama on November 4, 2000 to select members of CAP's new BOG, pursuant to the Authorization Act.

■ Allegations that the Authorization Act will require performance at a later date in this judicial district cannot support venue under section 1391(e)(2). That section provides for venue where "a substantial part of the events or omissions giving rise to the claim **occurred**." 28 U.S.C. § 1391(e)(2) (emphasis added). The evidence Plaintiff has submitted in support of venue here involves a single event that occurred after this suit was filed on November 3, 2000. *See* Pl. Exh. A. That event succeeded the filing of the Complaint and, therefore, could not logically have given rise to Plaintiff's claims.

■ This court also finds that the events that have occurred and will occur in Montgomery are only tangentially related to the dispute at the heart of this case. While these events certainly may be relevant to Plaintiff's claim, they do not meet the substantiality component of section 1391(e)(2). As the Plaintiff has stated himself, "[t]he gravamen of the complaint is that the [Authorization Act] is unconstitutional . . . ." Pl. Resp. at 3–4. Plaintiff's suit is a challenge to federal legislation drafted by Congress and signed by the President in the District of Columbia. *See Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F.Supp. 455, 462 (S.D.Tex.1996)

(noting that the District of Columbia was an "obvious" venue choice in light of the plaintiffs' challenge to the constitutionality of federal legislation). The Plaintiff has not made this court aware of any significant activity that took place within this judicial district, prior to the filing of Plaintiff's Complaint, which gave rise to Plaintiff's cause of action. Since virtually all of the activity giving rise to Plaintiff's claims took place in or around the District of Columbia, it is not plausible to argue that Plaintiff's claims arose in the Middle District of Alabama. Therefore, this court holds that section 1391(e)(2) does not provide a basis for venue in this district.

### A Proper Venue for this Civil Action

■ As discussed *supra*, venue determinations for federal and non-federal defendants joined in the same action must be made separately. For the Secretary, the appropriate venue provision is section 1391(e). For CAP, the court looks to the general venue provision for federal question cases, section 1391(b). It states in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . [or] . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .

*Id.*

After applying these provisions to the facts of this case, as alleged by the Plaintiff, the court concludes that venue as to both defendants would be proper in either the Eastern District of Virginia or the District of Columbia. The Eastern District of Virginia is a proper venue under sections 1391(b)(1) and 1391(e)(1) because both CAP and the Secretary reside in that judicial district for venue purposes.[2] The Dis-

---

2. This forum is probably the most convenient of the two proper venues because all parties

to this action are residents of Virginia.

trict of Columbia would also serve as a proper venue under sections 1391(b)(2) and 1391(e)(2) because a substantial part of the acts or omissions giving rise to the Plaintiff's claims occurred in that judicial district.

 This court finds that rather than dismiss this case, in the interests of justice the court will transfer the case to the district court for either the Eastern District of Virginia or the District of Columbia.[3] *See* 28 U.S.C. § 1406(a). In his Response, Plaintiff expressed no preference for either of these two forums. Plaintiff will be granted one week from the entry of this Memorandum Opinion and Order to notify this court in writing of his preference, should he have one.

## V. *CONCLUSION*

CAP may be sued in this judicial district, but the Secretary may not. Therefore, venue is not proper here. The only appropriate venue for this case is either the District Court for the Eastern District of Virginia or the District Court for the District of Columbia. Accordingly, it is hereby ORDERED as follows:

1. Bill Rogers' Motion for Leave to Submit Out–of–Time Response (doc. # 22) is GRANTED.

2. Civil Air Patrol's Motion to Dismiss or, in the Alternative for Transfer (doc. # 7) and F. Whitten Peters' Motion to Dismiss (doc. # 18) are GRANTED to the extent that the case will be transferred because of improper venue.

3. This court will enter an Order transferring this case to the United States District Court for either the Eastern District of Virginia or the District of Columbia on February 8, 2001. Plaintiff has until that time to provide this court with written

notice of his venue preference between those two courts, should he have one.

---

**3.** Even if this court were to decide that venue was proper in this district, the court would transfer the case to either the Eastern District of Virginia or the District of Columbia pursu-

ant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.